No. 82.—Ross & Co. plaintiffs in error, *vs.* Matthew Wright.

[1.] Upon the loss or destruction of a promissory note, the holder is entitled to come into a Court of Equity and pray satisfaction and payment, provided he tenders in his bill, suitable and adequate security.

In Equity, in Stewart Superior Court. Decided by Judge Iverson.

This cause came up from Stewart upon the ruling of the Court, in sustaining a demurrer to a bill, containing the following statements of facts: Ross & Co. held a note, given by Matthew Wright to Ross & Co. Said note was placed in the hands of one Crumley, for the purpose of presenting the same to the said Wright for payment; that there should have been a credit on said note

Ross & Co *vs.* Wright.

of fifty dollars, and that the remainder of said note is due and owing to the complainant. The bill further shows that the said Crumley, while burning and destroying some waste paper, by accident and mistake, threw said note into the fire; that the said Crumley immediately informed the said Wright of the occurrence, and offered to make oath of the fact, and also, to indemnify the said Wright against loss, provided he would pay the same; that said Wright refused to pay the said note, unless it was produced. The bill then prays that Wright may be decreed to pay what may be found to be due upon said note, upon complainants' giving such indemnity against loss to the defendant, as the Court should deem reasonable and according to Equity, and for a discovery from defendant. To this bill the defendant demurred, upon the ground that the complainants had not made such a case by their bill, as entitles them to a discovery, and for other causes. Which demurrer the Court sustained, and ordered the bill to be dismissed; and thereupon, the complainants excepted. Which said decision is here assigned for error.

H. HOLT, for plaintiff error.

J. A. TUCKER, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] It seems that Matthew Wright made and delivered to Ross & Co. his promissory note, payable to bearer, for $290.42. A partial payment having been made on the paper, it was placed by the payees in the hands of the Rev. Mr. Crumley, to be presented to the maker for settlement. Mr. Crumley inadvertently, in burning some waste papers, destroyed the note; and Wright, refusing to discharge it upon the tender of indemnity, this bill is brought to compel him to satisfy the debt, upon being furnished with adequate security, to be prescribed by the Court.

It is demurred to, upon the ground that the party has ample and adequate redress at Law.

Judge *Story* states it as the doctrine of the English Courts,

notwithstanding some conflict of opinion, that no remedy lies at Law under such circumstances; and that the true and only remedy is in a Court of Equity, which in granting relief, can at the same time, compel the holder to make suitable indemnity. *Story on Promissory Notes,* §108, *and before and after.*

The case of *Walmsley vs. Child,* (1 *Ves. Sen.* 341,) decided in 1749, is supposed to be in conflict with this rule. But upon examination, we think not; but on the contrary, maintains the true ground, upon which to put this case. In this case the plaintiff expressly opposed giving the security, and upon that ground, in connection with the fact that no affidavit was annexed, the Court of Chancery refused to exercise jurisdiction. But at the same time, the Court expressly held, that the offer to give security, constituted a distinct ground of Equity upon which Chancery would take jurisdiction. And this practice commends itself cordially to our approval.

Our judgment then is, that a party may still establish his note which is lost or destroyed, under the provisions of the Judiciary Act of 1799; that he may sue at Law, without this, and upon sufficient proof recover the amount of his debt; that if he comes into Chancery by bill simply, praying a decree for the amount of his lost note, that he will be turned over to the Common Law forum; but that where he tenders adequate indemnity in his bill, that constitutes a sufficient ground to warrant a Court of Chancery in exercising jurisdiction.

And would it not be most unreasonable to hold otherwise, seeing it is so much for the benefit of defendants. They are entitled to be relieved in Equity, even from the payment of cost, which they ought to be, where the note is lost by the negligence of the holder, but which they cannot be at Law.

As to the omission to annex an affidavit, there is nothing in that objection. For whatever may have been the English practice in this respect, an affidavit is dispensed with here, in all cases, except where a *ne exeat,* injunction or some other restraining or preventive process of the Court is prayed for.