## LINDSAY *vs.* KENDRICK & CO.

1. When an original paper is sued and declared on as the act of the maker thereof, and he does not deny it on oath, but confesses judgment, and afterwards, while the case is on the appeal, such paper be destroyed, in the absence of a plea of *non est factum*, and the proof of such fact and the contents, plaintiff is entitled to recover on the same, without further proof of its execution.
2. A party is not obliged to establish a lost paper under the Judiciary Act, but may recover upon proof of its contents as a lost paper.

Complaint, from Lee Superior Court.   Tried before Judge PERKINS, at March Term, 1860.

The defendants in error brought an action against Samuel Lindsay for the amount of money due on a certain draft accepted by him, returnable to the Inferior Court of Lee county.

The defendant having confessed judgment at the judgment Term, carried the case, by appeal, to the Superior Court. Before a trial was had on the appeal, the Court-house was consumed by fire, destroying the office papers connected with the case, but copies of which were subsequently established.

On the trial of the case, plaintiff proved by one Murray, by commission, that he, at and before the date of the draft, was book-keeper of plaintiff's and he attached to his answer a copy of the draft sued on, and two others; he stated that the original draft was written by him at the instance of the drawer; that he did not see Lindsay accept it, but the drawer carried it out and returned with Lindsay's acceptance. To this evidence defendant objected—

1st. Because the draft was not established according to law.

2d. Because there was no evidence of the loss of the original.

3d. Because the execution of the draft must first be proven.

Plaintiff then proved by J. J. Scarborough, that judgment was obtained in the Inferior Court; that the declaration and other proceedings and the draft were left in the Court-house; that the Court-house, with its contents, were subsequently destroyed by fire, and he had no doubt the original draft was burned.

Upon this proof, the Court overruled the objection, admitted evidence of the contents of the original draft, etc., and the jury found for the plaintiff. To which rulings the defendant excepted.

WARREN, for plaintiff in error.

SCARBOROUGH, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

1. The original draft, with Lindsay's acceptance on it, or rather the paper which was the foundation of the suit and declared upon as his act, Lindsay not only did not deny, on oath, as required by the statute, in order to put its execution in issue, but at trial term, at common law, confessed a judgment on its evidence, to the plaintiff, and took an appeal. While the appeal was pending, that original paper on which Lindsay had confessed judgment, was burned. These facts, in the absence of a plea denying the paper sued on to be his, were proper to be submitted to the jury, and sufficient to warrant a finding against the defendant.

2. A party is not obliged to establish a lost paper, under the Judiciary Act, but may, by showing its loss or destruction, as in this case, give in secondary evidence of its contents, and upon sufficient proof, recover on it as a lost or destroyed paper. See *Ross & Co. vs. Wright,* 12 *Ga.,* 509.

Judgment affirmed.