CLEMENTS *et al.*, executors, *v.* WESTERN LODGE No. 91, FREE AND ACCEPTED MASONS.

1. In the absence of evidence to the contrary, it will be presumed that the members of a corporation owning property are pecuniarily interested in the result of a lawsuit involving the title to a portion of such property; and where they are so interested, and the opposite parties to the suit are the legal representatives of a deceased person, such members are incompetent to testify as witnesses in behalf of the corporation to communications in the nature of admissions made to them by the deceased with reference to the transaction under investigation at the trial.

2. This being a proceeding to establish a copy of a deed alleged to have been executed by the defendants' testator and to have been lost, and the evidence failing entirely to show that the copy sought to be established was

either a literal or a substantial copy of the alleged lost original, the trial judge erred in refusing to set aside the verdict rendered by the jury in the plaintiff's favor.

Submitted April 14, — Decided May 6, 1897.

Establishment of copy deed.    Before Judge Henry.    Walker superior court.    February term, 1896.

*R. M. W. Glenn,* for plaintiffs in error.
*Lumpkin & Shattuck,* contra.

LUMPKIN, P. J.    This was a proceeding instituted by Western Lodge No. 91, Free and Accepted Masons, against the executors of Spencer Marsh, to establish a copy of an alleged lost deed which the plaintiff claimed had been made to the lodge by the defendants' testator.    The petition does not distinctly disclose that the plaintiff had ever been incorporated, but it is apparent from the record that it was dealt with by the court and by counsel on both sides as a corporation ; so we are left to assume that it was one, and accordingly shall treat it as such for the purposes of this discussion.

1. Presumably the members of this lodge were pecuniarily interested in the result of the present litigation, because it necessarily involved the title to property claimed by the lodge. It may be that an incorporated lodge of Free and Accepted Masons is a corporation the members of which really have no personal pecuniary interest in its effects, and therefore would not, as to their own private estates, be in the least degree affected by the rendition of any judgment for or against the lodge.    It was insisted in the argument that this was true of Western Lodge No. 91 ; but the difficulty is, that we are unable to learn from the record what the truth is in this regard.    We can not know judicially what interest the members of such a lodge have in its property, and have therefore felt constrained to follow the general rule of law that, in the absence of evidence showing the contrary, every member of a corporation is presumed to have a share or interest in whatever belongs to it.

At the trial, two members of the lodge were offered as witnesses for the purpose of proving communications to them in the nature of admissions by the deceased, tending to show that he had in fact executed and delivered to the lodge a deed of

some description. These witnesses were objected to as incompetent to give this testimony in behalf of the plaintiff, on the ground that the evidence thus sought to be elicited related to transactions with the deceased. Unquestionably, if these witnesses had been parties to the case, they could not properly have been permitted to testify as to these matters. They were not parties; but, in view of what has been said above, we are obliged to assume that they were pecuniarily interested in the result of the case, and therefore, under par. 4 of § 5269 of the Civil Code, their testimony ought to have been excluded, it being therein provided that "a person interested in the result of the suit . . shall not be competent to testify, if, as a party to the cause, he would for any cause be incompetent."

As the case must, for another reason, be tried again, it can, at the next hearing, be ascertained exactly what sort of an association the plaintiff is, and the competency of these witnesses can then be passed upon with reference to the question whether they really have, or have not, a pecuniary interest in the result of the case.

2. The verdict in favor of the plaintiff ought to have been set aside, because there was absolutely no evidence showing that the paper sought to be established in lieu of the alleged lost original deed was either a literal or substantial copy of the same.

*Judgment reversed. All the Justices concurring.*