## LOTT & PERKINS *v.* BUCK & DOWNING.

In order to render admissible secondary evidence of the contents of a writing, it must be affirmatively shown that, at the time the same is offered, the original is not in existence, or is inaccessible or lost. This is not shown by proving that, long previously to the trial, the person in whose custody the paper was shown to have last been had made an ineffectual search for it, without showing that he had not in the meantime found it, or that it was still inaccessible or lost.

Submitted May 8, — Decided May 25, 1901.

Action for damages. Before Judge Bennet. Coffee superior court. October 10, 1900.

Lott & Perkins sued for damages on account of the cutting of timber on a lot of land. They were nonsuited on the ground that they had failed to show title in themselves to the premises in dispute.

The bill of exceptions states that they introduced "a complete and perfect chain of title from the State of Georgia into themselves," which the court admitted in evidence, with the exception of what is described as "a certified copy of lease from the Waycross Lumber Company, and the Bewick Lumber Company to Lott & McLean." This certified copy was objected to, because the existence of an original had not been shown, and the original had not been accounted for.     The plaintiffs, as a reason why the copy should be admitted, introduced as a witness John McLean, who testified that there did exist an original of this copy; that he had the original in his possession, and the last he saw of it was when he delivered it to Padgett, a lawyer at Baxley, Ga., about four years ago, Padgett being his attorney and the paper being delivered to him in connection with legal matters which Padgett had in charge for him; that he afterwards went to Padgett to get it, in connection with another legal matter, and Padgett searched among his papers and could not find it.     This search was made about two years ago, and he does not know whether Padgett has since found it or not; he has called on Padgett several times for it, and has never been able to get it.     He does not know whether Padgett looked among all of · his papers, nor does he know but that Padgett might have overlooked it among those he did look over on that occasion.     His opinion is that the original is lost or destroyed.     Padgett "has been in attendance upon the court this week.     I think he left here yesterday." W. H. McDonald testified that while a former suit which his firm brought for the plaintiffs, and of which this suit is a renewal, was pending, the original lease was needed to make out the case, and he called on Padgett, who he learned had the paper at his office, and Padgett made a most diligent search through his papers, in which the witness assisted him, but they were unable to find it.     This was about three years ago.     He can not say whether Padgett has since found the paper, nor that he did not have other papers at some place in his office, nor that· it was not among some of the papers that Padgett looked over.

The court then ruled out the alleged copy.     The defendants, for. the purpose of this trial, admitted the damage to the timber, and that it was done under their direction.     The court granted a nonsuit.     Each of the rulings stated is assigned as error.

*Quincey & McDonald,* for plaintiffs.

*C. A. Ward Jr.* and *F. W. Dart,* for defendants.

LUMPKIN, P. J.　This case presents for decision here the single question whether or not the court erred in refusing to admit in evidence a copy of a lease claimed to have been lost.　The testimony relied on as laying the foundation for the admission of the secondary evidence is set forth in the official report.　We agree with the trial court in holding that it was insufficient.　At best, it did not affirmatively show that, at the time the copy was sought to be introduced, the original was not in existence or could not be found. That an ineffectual search was made for it at a time long previous to the trial, by the person in whose custody it was shown to have been when last seen, did not establish the fact that he had not in the meantime found the paper, or could not have produced it at the trial.　Under the facts appearing, it is clear that a complete and proper showing with respect to the alleged non-existence or inaccessibility or loss of this paper could not be made without calling that person as a witness.　For some reason this was not done, and no good reason for failing to do so was shown.

<div align="center">

*Judgment affirmed.　All the Justices concurring.*