## COTTON v. JOHNSON.

1. MAGISTRATE—NEW TRIAL.—An order on appeal from magistrate decision overruling a demurrer to the jurisdiction of the magistrate in proceeding to eject trespassers on ground that no *notice to quit* had been served on defendants, reversing the magistrate and granting a new trial, does not require the magistrate to dismiss the proceeding, but to grant the parties another hearing.

2. APPEAL.—Where a defendant appears in magistrate court for sole purpose of demurring to the jurisdiction, and when his demurrer is overruled, withdraws from the court, he can not object to the proceedings after his withdrawal.

3. MAGISTRATE—TRESPASSER—NOTICE TO QUIT.—In proceeding to eject trespasser under Code 1902, 2972, service of rule to show cause based on affidavit is sufficient without service of notice to quit to give magistrate jurisdiction. *Sires* v. *Moseley,* 60 S. C., 504, *affirmed.*

Before PURDY, J., Georgetown, April, 1904.    Affirmed.

Proceeding to eject trespassers in magistrate court by Emma Cotton, Nellie Williams and Mary Franklin against Irwin Johnson, Liza Johnson, Charlie Crawford and Mary Crawford.    From Circuit order sustaining magistrate judgment, defendants appeal.

*Mr. Walter Hazard,* for appellant, cites : *Order of Judge Watts required magistrate to dismiss the proceeding:* Code Proc., 78, 273 ; 2 Bow. Law Dic., 611 ; 3 Black Com., 330 ; 10 S. C., 301 ; 24 S. C., 507.    *Plaintiffs should sustain their*

*claim by evidence:* 3 McC., 131, 282; 2 McC., 26; 1 Bay., 269; 1 Johns. Ch., 336; Riley, 146; 7 Rich., 126; 3 S. C., 1; 20 Ency. P. & P., 1090. *Issuance of rule was not sufficient:* 28 S. C., 119; 13 S. C., 201; 17 S. C., 75; Chev., 5; 26 S. C., 212; 29 S. C., 33; 1 S. C., 260; 1 Bay., 348; 3 Brev., 396; 1 McC., 120; 1 Hill Ch., 9; 1 Hill, 53; 43 S. C., 175; 25 S. C., 416; 19 S. C., 224; 24 S. C., 122; 25 S. C., 385; 28 S. C., 313; 30 S. C., 391; 37 S. C., 413; 39 S. C., 369; 1 McC., 181; 24 S. C., 507; 13 S. C., 198. *As to rules of construction:* Dwar. Stat., 193, note 12, 197, 199, 200, 202, 207; 20 Wend., 561, note 22, 259; Story Con., sec. 392; 2 Dall., 316; 10 L. R. A., 839; 108 N. Y., 578; 146 Mass., 76; 13 Gray, 129; 10 Ency. P. & P., 1074; 77 Ga., 684. *As to form of notice:* 20 Ency. P. & P., 1082, 1084, 1090; 1 Leigh, 433; 6 Port., 48; 22 W. Va., 580; 25 Ark., 353; 23 Ala., 579; 126 Ill., 611; 12 Ency. P. & P., 877, 878.

April 17, 1905. The opinion of the Court was delivered by

Mr. Chief Justice Pope. This was a special proceeding instituted May 6, 1903, by the plaintiffs in the court of Magistrate William Porter, of Georgetown County, for the ejectment of the defendants from a certain tract of land in said county, under the provisions of the act of 1883, entitled "An act to provide for an expeditious mode of ejecting trespassers" (vol. 1, Code of 1902, sec. 2972).

The following is the affidavit upon which the magistrate acted:

"The State of South Carolina, county of Georgetown.

"Personally appeared before me, William Porter, a magistrate of the said county, in the said State, Emma Cotton, Nellie Williams and Mary Franklin, who, being duly sworn, say: That Irwin Johnson, Charlie Crawford, Liza Johnson and Mary Crawford have gone into possession of certain lands and tenements of them, the said Emma Cotton, Nellie

Williams and Mary Franklin, situate in the county and State aforesaid, without their consent and without warrant or authority of law, and refuse to yield possession of the same. Emma Cotton, Nellie Williams, Mary Franklin.

"Sworn to before me, this 6th day of May, A. D. 1903. William Porter, Magistrate."

Upon this affidavit, the magistrate issued the following notice:

"State of South Carolina, county of Georgetown.

"To Irwin Johnson, Charlie Crawford, Liza Johnson and Mary Crawford:

"Whereas, Emma Cotton, Nellie Williams and Mary Franklin have this 6th day of May, 1903, made oath before me that you are in possession of certain lands and tenements of them, the said Emma Cotton, Nellie Williams and Mary Franklin, without warrant or authority of law, and that you refuse to yield possession of same.

"You are hereby required to show cause before me, at my office, at Sampit Station, in the county and State aforesaid, at 5 o'clock P. M., five days from service hereof, why you should not be ejected from the premises aforesaid.

"Witness my hand and seal, this 6th day of May, A. D. 1903. William Porter, (L. S.) Magistrate."

The following entry was made by the magistrate:

"The above case coming on regularly to be heard on the 12th May, 1903, defendants entered demurrer as to jurisdiction of the Court on ground that no notice to quit has been served upon parties in possession, defendants. Demurrer overruled. Defendants appear, through their attorney, and state to court that they hold possession under claim of title and are ready to give such bond as is required by statute to defend the action. Magistrate rules that to simply assert title, without any further show of title, and without actually filing bond, is insufficient." After hearing the testimony,

the defendants tendered their bond with L. S. Wilkinson as surety. The magistrate gave judgment, stating: "The defendants made no formal answer whatsoever, but through their attorney orally asserted that they claimed title. No written answer asserting title was filed with me, as magistrate, at any time. A written instrument purporting to be a bond was formally filed with me, which in form did not comply with the law, and the sureties to which I considered insufficient and which I refused to accept. The defendants failing to strengthen these sureties, and further failing to raise the question of title in my court, according to law, I accordingly rendered judgment for the plaintiffs."

He asserts "that the rule to show cause on the 12th of May, was regularly served on the defendant, and they failed to answer the rule in writing. The defendant appeared in obedience to the rule, but failed to put in any answer in writing, and failed to raise the question of title according to law. The evidence on the part of the plaintiffs was only for the purpose of showing that the defendants were in illegal possession of the premises, and, therefore, trespassers. The defendants, though having ample opportunity, made no show of title whatsoever, and I consider I was justified in giving judgment for the plaintiffs in the absence of any defense whatever."

An appeal was taken from this order of Magistrate William Porter and came on for a hearing before Judge Watts in the Court of Common Pleas at Georgetown. Whereupon he filed the following order, omitting the title of the case:

"This case coming on before me to be heard on appeal from the decision of William Porter, one of the magistrates of the county of Georgetown, and it appearing to the Court that the question of title to real estate is involved in the proceedings:

"It is ordered, that the decision of the magistrate be reversed and the *new trial granted.*"

These last words, "new trial granted," were in the handwriting of Judge Watts himself. A new notice or summons

was then issued by William Porter, magistrate, and the defendants again appeared, accompanied by their attorney, Walter Hazard, when they promptly interposed the following demurrer to the jurisdiction of the Court, omitting title:

"And now come the defendants, by their attorney, Walter Hazard, and demur to the jurisdiction of the Court herein, and say that this Court ought not to take cognizance of this action, for the following reasons:

"1. Because no notice to quit the premises in question has ever been issued by his Honor, William Porter, magistrate, and served upon these defendants, or either of them, as required by law.

"2. Because before the expiration of five days from and after the service upon the defendants herein of the notice to show cause why they should not be ejected from the premises, they appeared before his Honor, William Porter, Esq., magistrate, and set up a *bona fide* color of claim to the possession of the premises, and tendered a bond as provided by law, with good and sufficient security, conditioned for the payment of all such costs and expenses as the persons claiming to be the owners of the land, to wit: the plaintiffs, might incur in the successful establishment of their claim by any of the modes of procedure now provided by law; and the magistrate was, therefore, and is now without jurisdiction to proceed further herein.

"The defendants appear for the purpose of interposing the above objections to the jurisdiction of the Court and for no other purpose whatsoever."

The magistrate overruled the demurrer and proceeded with the trial, wherein he admitted that this proceeding was brought by him under section 2972, vol. 1, of Civil Code of 1902. Judgment was rendered in favor of the plaintiffs. From this judgment the defendants appealed, which appeal came on to be heard before Judge Purdy at the Court of Common Pleas for Georgetown County, who handed down the following judgment, omitting the caption:

"In this case, by the order of Judge Watts, the matter

27—71.

was referred back to the magistrate for a new trial. When I first read the order of Judge Watts and the proceedings had by the magistrate, I was of the opinion that the plaintiffs had no standing whatever in Court, and had I dictated my judgment at the time of the hearing, I would have dismissed the proceedings. A careful study of the proceeding has convinced me that Judge Watts' order, while it reversed the judgment of the magistrate in the first instance, cannot be construed as giving any authority to dismiss the proceeding, for had such been his intention, such should have been his order. Construing his order now, upon calm reflection, I must take it just as it concludes. That the matter is sent back to the magistrate for a new trial, inasmuch as he says title to land is involved.

"There was another reason why I thought the plaintiffs had no standing in Court, and that was because on comparing the notice or rule with section 2972, of vol. 1, of the Civil Code of this State, I thought that the notice failed to comply with the requirements of the statute, and I was prepared to so hold. But, upon studying the matter and looking into the authorities, I find that our Supreme Court has held exactly to the contrary in *Sires* v. *Moseley,* 60 S. C., p. 504, 39 S. E., 70. The case, therefore, having been sent back for a new trial because title to land was involved, and no showing having been made as to title, or rather no *bona fide* color of claim to the possession of such premises having been shown, the judgment of the magistrate followed, as a matter of course, in favor of the plaintiffs. The case above cited also holds that it is sufficient description of the premises to state that the premises are situate in the same county in which the magistrate resides, and are in possession of the defendant.

"Under the authority, therefore, of *Sires* v. *Moseley, supra,* the appeal is dismissed and the judgment of the magistrate is sustained, and the case is remanded to the magistrate for the execution of his judgment, and it is so ordered and decreed."

From this judgment, the defendants have appealed upon the following five grounds:

"1. Because, it is respectfully submitted, his Honor, the Circuit Judge, erred in construing the order of Judge Watts, dated 12th November, 1903, as requiring a new trial to be held; whereas, he should have held that said order, by reversing the magistrate's first judgment, practically sustained the exception to the jurisdiction of the magistrate's court for want of service of a notice to quit, and was equivalent to an order remanding the case to the magistrate for such further proceedings as might be proper to carry the order into effect; and that it was, therefore, the duty of the magistrate, under said order of Judge Watts, to dismiss the proceeding for want of jurisdiction.

"2. Because, this being a special proceeding under section 2972, vol. 1, Code of 1902, which does not provide for or require a trial of the cause upon its merits, the order of Judge Watts granting a 'new trial' should have been construed by his Honor, Judge Purdy, in conformity with the plain terms of the statute, as meaning that the magistrate should dismiss the case for want of jurisdiction, and his Honor, Judge Purdy, erred in not so holding.

"3. Because his Honor, Judge Purdy, it is respectfully submitted, erred in overruling the appellant's fourth exception to the magistrate judgment, on the ground that 'the plaintiffs having offered no testimony in support of their claim, it was error in the magistrate to render judgment for them.'

"4. Because, it is respectfully submitted, his Honor, Judge Purdy, erred in overruling the appellant's third exception to the magistrate judgment, which was as follows: 'Because, at first hearing of this case before the magistrate on 12th May, 1903, the defendants, appearing for that purpose only, interposed the same objection to the jurisdiction of the Court upon the ground of non-service of a "notice to quit" upon the defendants, and, the objection being overruled, they declined to offer any testimony or to participate in the trial;

and judgment having been rendered against them, they appealed to the Circuit Court upon the ground, among others, that no service of a "notice to quit" had ever been made. Upon the hearing of the appeal, the exceptions were sustained, the judgment of the magistrate reversed and the case remanded. The question of jurisdiction thereupon became *res judicata,* and the magistrate had no power to proceed further in the case, except to enter an order dismissing the proceeding.'

"5. Because, it is respectfully submitted, his Honor, Judge Purdy, erred in overruling the appellants' second exception to the magistrate judgment, which was as follows: 'Because, this being a special statutory proceeding, brought under section 2972, vol. 1, Code of 1902, for the summary ejectment of the defendants from lands which they were alleged to have entered without the consent of the plaintiffs and without warrant of law, the mode of procedure provided by the statute must be strictly followed, and it having been admitted by the magistrate, and being a fact, that no *notice to quit* the premises in question had ever been served upon the defendants, as required by the statute, he was without jurisdiction to proceed in the case, and erred in so doing over the objection and against the protest of the defendants.' "

We will now consider these exceptions in their order.

1. We do not think Judge Purdy failed to properly construe Judge Watts' order as requiring a new trial, for in his own handwriting, he himself ordered a new trial. That having been done, we do not see that any construction of the terms of said order should cause us to ascribe a different meaning to the words, "new trial," as used by the Judge himself. That being the case, we overrule this exception.

2. This exception is subject to the same reasoning as adopted in disposing of the first, and it is, therefore, overruled.

3. The defendants having "pitched their battle," so .to speak, upon their demurrer to the jurisdiction of the magistrate, we do not see any merit in their objection to the action of the magistrate, and this exception, therefore, is overruled.

4 and 5. These exceptions may be considered together. This Court conceded to the defendants at the hearing before us the right to attack the judgment of *Sires* v. *Moseley,* 60 S. C., page 504, 39 S. E., 70. This was really the ground of serious contention by the appellants' attorney. We have given his argument a patient and thorough consideration, but do not see that he has presented any grounds for overruling the case of *Sires* v. *Moseley, supra.* In the recent judgment of this Court, in the case of *A. M. Lee* v. *Caleb Chaplin et al.,* 70 S. C., 561, which involved the same question, this Court has rendered its judgment, reaffirming *Sires* v. *Moseley,* and we will not, therefore, go over the same ground again. These exceptions are overruled.

It is the judgment of this Court, that the judgment of Judge Purdy appealed from be, and the same is, affirmed.

MR. JUSTICE GARY *did not sit in this case because of illness.*