## 15555.   TRICE *v.* ADAMS.

A lost note may be sued upon without previous establishment of a copy.
It is not necessary (though it is the better practice) for the petition to allege the loss; and where the loss is proved, the plaintiff may recover upon sufficient evidence of the contents of the note.
Proof that the copy relied on is a "substantial copy" may be sufficient.
In view of the very meager and incomplete evidence offered as to the loss of the original note in this case, it was error to admit the copy in evidence.

DECIDED DECEMBER 15, 1924.

Complaint; from city court of Barnesville—Judge Redding. March 15, 1924.

*C. J. Lester,* for plaintiff in error.

*Dobbs & Barrell,* contra.

JENKINS, P. J.   1.   "A copy of a lost paper may be established in lieu of a lost original under the provisions" of sections 5314 to 5317 inclusive, 5319 and 5320 of the Civil Code (1910; acts 1855-6, p. 239), "and the copy thus established may thereafter afford a basis for an action at law. This procedure, however, is merely cumulative, and not exclusive of the right of the owner or holder of a lost paper to sue upon a copy of it, and prove the existence of the lost original if it is disputed. 'A lost instrument may be sued on; and if a plea of non est factum is filed, the same may be met by the proof that the lost note was genuine, and that the copy attached to the declaration is correct.' (Civil Code, 1910, § 5318). A suit upon a lost note is as effectual as a suit upon an established copy, if the only purpose of establishing the copy be to obtain judgment upon the note." *Continental Fertilizer Co.* v. *Pass,* 7 *Ga. App.* 721 (1) (67 S. E. 1052) ; *Witherington* v. *Ware,* 17 *Ga. App.* 433 (87 S. E. 603).

2.   Where a promissory note is thus sued on, and its loss occurred prior to the suit, it is the better practice to allege the fact of loss in the petition, attaching or setting forth a copy of the paper; but it is not essential to do so, and where the loss or destruction of the original is proved at the trial, the plaintiff may recover upon proper and sufficient evidence of its contents. See *Jernigan* v. *Carter,* 60 *Ga.* 133; *Haug* v. *Riley,* 101 *Ga.* 372 (1), 373, 374 (29 S. E. 44, 40 L. R. A. 244) ; *Goodman* v. *Harrison,* 58 *Ga.* 567; *Lindsay* v. *Kendrick,* 30 *Ga.* 545; *Duvall* v. *Barron,* 14 *Ga.* 304.

17

See also *Ross* v. *Wright,* 12 *Ga.* 507-509; *Mayor* v. *Burroughs,* 36 *Ga.* 212; *Mayor* v. *Cohen,* 36 *Ga.* 219.

3.  It is not necessary that the copy thus sought to be proved shall be identical with the original, but it may be "either a literal or a substantial copy," provided other rules as to the admission of secondary evidence are satisfied. *Clements* v. *Western Lodge,* 101 *Ga.* 62 (2), 64 (28 S. E. 494); *Williams* v. *Waters,* 36 *Ga.* 454. The charge of the court, that the jury should believe that the copy of the note relied upon was a "substantial copy" of the original, was not erroneous, under this rule.

4.  While it is the rule that, where secondary proof of an original paper is attempted, questions of diligence in exhausting the means of information for primary evidence accessible to the party are addressed to the sound discretion of the court below,—with which this court will not ordinarily interfere (*Wallace* v. *Tumlin,* 42 *Ga.* 462 (3); *Hayden* v. *Mitchell,* 103 *Ga.* 431 (1), 436, 30 S. E. 287; *Sweeney* v. *Sweeney,* 119 *Ga.* 76 (1 *b*), 79, 46 S. E. 76; *Emory* v. *Smith,* 54 *Ga.* 273 (2); *Williams* v. *Atlanta Nat. Bank,* 31 *Ga. App.* 212 (6), 120 S. E. 658),—it is also true that, where a sworn plea of non est factum has been filed, not only is the burden on the plaintiff to show that a genuine note previously existed, and that the copy sought to be established is at least substantially correct, but, before the copy can be admitted, a prima facie showing must be made that the original is at the time lost and inaccessible. Civil Code (1910), § 5318; *Jones* v. *Bank of Powder Springs,* 31 *Ga. App.* 263 (1) (120 S. E. 422); *Bank of Norwood* v. *Chapman,* 19 *Ga. App.* 709 (6), 710 (92 S. E. 225). The person who can testify as to the loss or inaccessibility of the paper at the time of trial should be called as a witness. *Lott* v. *Buck,* 113 *Ga.* 640, 642 (39 S. E. 70); *Tilley* v. *Cox,* 119 *Ga.* 867 (1), 869, 870 (47 S. E. 219). In the instant case the evidence to show loss or inaccessibility and the contents of the original paper was that of the plaintiff's agent, who took the note of the defendant, and who testified that it "was lost," that the witness "laid it on the desk in the office" of the *plaintiff* after defendant signed it, and had "never seen it since," that he did not "know what became of it," that he "searched everywhere for it but can't find it," that the copy attached to the suit was "a true copy of the note," that after leaving the note on the desk he "later *the same day* went back to look for

it and it was gone," and he had "never seen the note since;" and evidence of another witness that he was shown the paper by this agent of the plaintiff a "day or two" after the trade in which it was given, and saw certain language in the paper which the defendant denied was contained in the note given by him. It appears, while the plaintiff himself testified in the case, that he gave no evidence as to the loss of the note or its inaccessibility to him. While it was shown that the plaintiff's agent had original custody of the note, he was not shown to be its continued custodian, and while, so far as this witness could himself testify, it was "lost," it was not shown that the plaintiff, in whose office the note appears to have been left or deposited, and who was presumably thereafter its proper and natural custodian, did not know anything as to its whereabouts and after a diligent search could not locate it. Under the very meager and incomplete proof offered as to the loss of the original, the admission of the copy in evidence must be held to have been error.

*Judgment reversed. Stephens and Bell, JJ., concur.*