## 29183. BLAYLOCK v. HOPPER.

PER CURIAM.

This case involves a collateral attack upon a recidivist sentence imposed under Code Ann. § 27-2511.

In 1955 appellant pleaded guilty in the Superior Court of Polk County without benefit of counsel to an accusation of burglary and was sentenced to serve ten to fifteen years in the state penitentiary. In 1968 he was tried and convicted in the same court of another burglary charge and was sentenced under the recidivist provision of Code Ann. § 27-2511 to the twenty-year maximum term for burglary. His attorney in the 1968 trial unsuccessfully objected to the use of the record of the 1955 conviction but did not raise as a ground for the objection the fact that the prior conviction was based upon a guilty plea.

In the habeas corpus hearing appellant testified that

in 1955 he had no property and did not believe he could have afforded to retain counsel had he wanted to. He further testified that his accomplice, or "rap partner," had "turned State's evidence" on him and that he desired to throw himself upon the mercy of the court to receive a lesser sentence. For this purpose he did not believe counsel was necessary. When asked on direct examination if he was aware of his "absolute right to counsel," he answered that "at that time it wouldn't have crossed my mind really to even have a counsel." Appellant also testified that the subject of counsel was not discussed during the 1955 proceedings.

The habeas corpus court found that when appellant pleaded guilty in 1955 he was familiar with his rights within the judicial system, including his right to counsel, but felt that counsel would be unnecessary inasmuch as he had already decided to plead guilty in anticipation of a lenient sentence. The habeas corpus court made no specific findings, however, as to whether appellant was indigent in 1955 and as to whether appellant was aware of his right to have counsel appointed if he could not retain counsel. The court held that appellant had knowingly and intelligently waived his right to counsel when he pleaded guilty in 1955 and that, therefore, his 1968 recidivist sentence was not invalid.

1. Gideon v. Wainwright, 372 U. S. 335 (83 SC 792, 9 LE2d 799, 93 ALR 733), established that the right to counsel, guaranteed by the Sixth Amendment and applicable to the states by virtue of the Fourteenth Amendment, includes the right to appointed counsel where the defendant is indigent. Gideon v. Wainwright has been given retroactive effect where the records of prior convictions obtained in violation of its standards were introduced for collateral use in subsequent trials. Loper v. Beto, 405 U. S. 473 (92 SC 1014, 31 LE2d 374); United States v. Tucker, 404 U. S. 443 (92 SC 589, 30 LE2d 592); Burgett v. Texas, 389 U. S. 109 (88 SC 258, 19 LE2d 319). Such convictions, even though obtained prior to Gideon v. Wainwright, cannot be used for the purpose of imposing a recidivist sentence. Burgett v. Texas, supra; *Clenney v. State,* 229 Ga. 561 (4) (192 SE2d 907).

A valid waiver exists only if the defendant in-

tentionally relinquishes or abandons a known right or privilege. Fay v. Noia, 372 U. S. 391 (83 SC 822, 9 LE2d 837); Johnson v. Zerbst, 304 U. S. 458 (58 SC 1019, 82 LE 1461, 146 ALR 357); see also Code Ann. § 50-127 (1). The burden is upon the prosecution to affirmatively establish a valid waiver, and waiver may not be presumed from a silent record. Carnley v. Cochran, 369 U. S. 506 (82 SC 884, 8 LE2d 70); *Clenney v. State,* supra. "The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." Carnley v. Cochran, supra, p. 516.

Nowhere in the transcript of the habeas corpus hearing is there any indication that appellant knew in 1955 of his right to have counsel appointed if he could not afford retained counsel. In the absence of any showing that appellant was aware of his right to appointed counsel, if he was in fact indigent, it cannot be said that he intentionally abandoned or waived that right. See Craig v. Beto, 458 F2d 1131 (5th Cir., 1972). This case must therefore be reversed with direction that the habeas corpus court hold a further hearing to determine whether appellant was indigent in 1955 when he pleaded guilty to the original burglary charge and whether, if so, he was aware of his right to appointed counsel. See Goodwin v. Smith, 439 F2d 1180 (5th Cir., 1971).

2. Although during the 1968 trial appellant's attorney did not properly object to the introduction of the record of the prior conviction, there is nothing in the present record to show that appellant voluntarily, knowingly and intelligently participated in the failure to raise a proper objection. Therefore appellant did not forfeit his right to raise his constitutional objection on a petition for habeas corpus. See *Hopper v. Thompson,* 232 Ga. 417 (207 SE2d 57). See also Code Ann. § 50-127 (1).

*Judgment reversed with direction. All the Justices concur.*

ARGUED SEPTEMBER 10, 1974 — DECIDED JANUARY 28, 1975.

*James C. Bonner, Jr.,* for appellant.
*Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.