58341. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. LATIMORE et al.

BIRDSONG, Judge.

Suit on an insurance contract. The appellee Mrs. Frances Latimore, together with her husband, owned an old and unreliable GTX (Plymouth). Apparently that vehicle was insured by some insurer other than appellant, Georgia Farm Bureau Mutual Insurance Co. Because of the unreliability of the GTX, Mr. and Mrs. Latimore purchased a Volkswagen and insured that vehicle with the appellant, Ga. Farm Bureau. Shortly thereafter, the insurance coverage on the GTX expired. Nevertheless, the Latimores continued to own and, on occasion, to operate the GTX. After the insurance had expired on the GTX and on the morning of the accident giving rise to the injuries for which claim was made, Mr. Latimore drove

Mrs. Latimore to her place of employment in the GTX. While returning to his home, Mr. Latimore was involved in what apparently was a very serious accident. Over the next several months, Mr. Latimore incurred medical expenses exceeding $10,000. Mrs. Latimore, as the named insured, made reasonable demand upon the appellant, Ga. Farm Bureau, for payment for medical expenses to the extent of coverage, i.e., $1,000. Appellant denied coverage and refused to make payment. Mrs. Latimore, as the insured, brought the present suit against Ga. Farm Bureau seeking the $1,000 policy limit for medical expenses, 25% penalty and reasonable attorney fees. In her complaint Mrs. Latimore appended as exhibits a copy of the cover sheet to her policy (the declaration) showing that the coverage was for a Volkswagen, that the coverage was consistent with the minimum required by law, and that the policy issued was a family type as opposed to a commercial type policy. She also appended a photo copy of page 4 of the policy. Page 4 of the policy, in pertinent part, contained the first two and a half paragraphs of Part II of the policy dealing with Expenses for Medical Services. As contained in those first two paragraphs, the policy promised to pay reasonable medical expenses incurred by the named insured, Mrs. Latimore, or any member of her family, for injury caused by an accident while occupying an automobile. It is reasonably apparent from the evidence that Mrs. Latimore received the contract of insurance in its entirety, including the remainder of Part II. Evidence was offered that the original of the contract of insurance was sent to Mrs. Latimore. After copying p. 4 of the contract, Mrs. Latimore lost the whole of the original contract. In its answer, Ga. Farm Bureau admitted that the declaration attached to the complaint was an authentic copy of the declaration and admitted that p. 4 of the policy was accurately represented by the second exhibit.

During the testimony, a responsible party for the appellee, Ga. Farm Bureau, testified that also included as a part of the contract and appearing on p. 5 thereof was an exclusion providing that the policy did not cover bodily injury expenses sustained by the named insured or relative while occupying an automobile owned by the

named insured other than the insured vehicle (i.e., the Volkswagen). During the presentation of its evidence, Ga. Farm Bureau offered into evidence a copy of a family type policy, including the exclusionary clauses of Part II. Reading the evidence in context, Ga. Farm Bureau established that all of its family type policies (it having only two types, family and commercial) were printed at the same time and were initially identical in wording. If any of the normal provisions of the policy were not to be effective, the differences in coverage were shown on the declaration or cover sheet. All subsequent changes to the policy were shown by riders to the policy or were shown on the declaration sheet. Both the witness for Ga. Farm Bureau and Mrs. Latimore testified that the pages 4 attached to the complaint and contained in the policy offered by Ga. Farm Bureau appeared to be the same. When offering the copy of the policy, Ga. Farm Bureau argued that the only difference between the policy being offered and the original policy sent to Mrs. Latimore and subsequently lost by her, was the superimposition of the word "specimen" in large capital letters on several of the pages of the standard family policy. The trial court sustained an objection to admission of the specimen copy of the policy on the ground that the addition of that word made the policy different from the original. The trial court denied a motion for a directed verdict submitted by Ga. Farm Bureau and sent the case to the jury. The jury returned a verdict for Mrs. Latimore awarding her $1,000, $250 as penalty for bad faith, and $4,500 attorney fees. This verdict was made the judgment of the court. Thereafter a motion for new trial was denied. Ga. Farm Bureau brings this appeal, enumerating six alleged errors. *Held:*

1. The first enumeration of error complains that the trial court erred in refusing to admit the specimen copy of the family policy. We find merit in this enumeration.

Code § 38-702 provides: "If the paper shall have been lost or destroyed, proof of the fact to the court shall admit secondary evidence. The party shall be a competent witness to this point." Moreover, Georgia law has long recognized that a duplicate original of an instrument may be admitted into evidence without violation of the best

evidence rule. *Simpson v. Charters,* 185 Ga. 592, 598 (4) (196 SE 31); *Goodman v. Henderson,* 58 Ga. 567; *Barrett v. State,* 146 Ga. App. 207 (245 SE2d 890). Under the evidence is this case, we have no difficulty in concluding that the original was forwarded to Mrs. Latimore and was lost before the date of trial. Thus, a predicate for admission of secondary evidence was laid. Nor do we have any difficulty in concluding that under the evidence all copies of the standard family policy were identical. Green states the rule as follows: ". . . printed multiplicates produced from the same unaltered type setting should be considered originals. Each will be exactly like the others." Green, Ga. Law of Evidence 247, § 103, (1957). There was no evidence that the type was in any way altered. The testimony offered by Ga. Farm Bureau showed that the pertinent provisions of pages 4 and 5 of the family policy were identical in all printed copies of the policies. As to the superimposition of the word "specimen" on the copy of the family policy offered by appellant, it is clear that this did not alter the substantive wording of the policy. The obvious purpose of the "best evidence" rule is to insure that the jury is enabled to examine and compare a duplicate original or the substitute for the original in the same manner and context as did the parties when dealing with the original instrument. The insurance contract in this case was shown to have the same provisions both in the original sent to Mrs. Latimore and in the "specimen" copy offered for consideration by the jury. Thus, even if we consider this as a copy, "[i]t is not necessary that the copy thus sought to be proved shall be identical with the original, but it may be 'either a literal or a substantial copy,' provided other rules as to the admission of the secondary evidence are satisfied. *Clements v. Western Lodge,* 101 Ga. 62 (2), 64 (28 SE 494); *Williams v. Waters,* 36 Ga. 454." *Trice v. Adams,* 33 Ga. App. 257, 258 (125 SE 878). In this case it hardly can be said that the addition of the word "specimen" in any way would mislead the parties or the jury as to actual content of the relevant portions of the insurance policy. Where the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury. *Lovejoy v. Tidwell,* 212 Ga. 750, 751 (95 SE2d 784); *Cravey*

*v. J. S. Gainer Pulpwood Co.,* 128 Ga. App. 465 (4) (197 SE2d 171). Because the object of all legal investigations is the discovery of truth, the rules of evidence are framed with a view to this prominent end, seeking always for pure sources and the highest sources. Code Ann. § 38-101. Questions of relevancy of evidence are for the court and no precise and universal test of admissibility has been established. *Johnson v. Jackson,* 140 Ga. App. 252, 255 (230 SE2d 756). We believe it is for this reason that when the admissibility of evidence is in doubt, the Georgia rule favors its admission and submission to the jury with any needed instructions. *Patton v. Smith,* 119 Ga. App. 664 (1, 2) (168 SE2d 627). Though we recognize the questions of admissibility are for the court, that is not an unfettered discretion. *Hotchkiss v. Newton,* 10 Ga. 560. In this case we conclude that the trial court erred in refusing this evidence for consideration by the jury, either as an original or alternatively, as an admissible copy of the same lost original. Moreover, we believe that if this same evidence were to be admitted and considered by a court or by a jury (the court would be compelled to grant a motion for directed verdict or the jury would be compelled to return a verdict for the insurer) assuming that such facts show an accident in a car owned by an insured but not an insured vehicle. The relevance of this testimony is established by the fact that the policy provided that injuries sustained by Mr. Latimore while occupying an uninsured but owned vehicle are expressly excluded from medical expense coverage. It follows that the erroneous exclusion of this evidence was prejudicial.

2. The remaining enumerations of error raised by appellant are rendered moot by the conclusion reached in Division 1 of this opinion.

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 10, 1979 — DECIDED OCTOBER 15, 1979 —

*Roger W. Dunaway, Jr., E. Purnell Davis,* for appellant.

*Eva L. Sloan,* for appellees.