260 Ga. 178 (1990)
391 S.E.2d 400
McGHEE
v.
THE STATE.
S90A0582.
Supreme Court of Georgia.
Decided May 17, 1990.
Whitehurst, Cohen & Blackburn, Steven B. Kelley, for appellant.
H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney, Michael J. Bowers, Attorney General, Leonora Grant, for appellee.
WELTNER, Justice.
Jack McGee shot and killed Charles Groves with a handgun. He was convicted of murder and possession of a firearm during the commission of a crime, and was sentenced to life imprisonment and a term of years.[1]
Groves was employed as a welder in McGee's machine shop. McGee, while standing in the doorway of his shop, told the investigating officer that he had shot Groves, and pointed to the rear of the building where Groves was lying on the floor. After Miranda warnings, McGee stated: "I shot the ____ because he was trying to take everything I had.... He tried to get me to sign the papers this morning." Death resulted from head wounds caused by four projectiles that had been fired at close range from a handgun that McGee pointed out to the police. McGee testified that Groves had threatened him with a hammer, and that he shot him in self-defense.
1. The evidence is sufficient to permit a rational trier of fact to find McGee guilty of malice murder and possession of a firearm during the commission of a crime beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
2. (a) McGee contends that the trial court erred in admitting in evidence nine pre-autopsy photographs of the victim's body, insisting that they were cumulative, unduly gruesome, and inflammatory.
(b) The photographs showed the location and the nature of the victim's wounds, and were relevant to the cause of death. They were not "photographs which depict the body after autopsy incisions were made or after the state of the body was altered in some way." Simon v. State, 253 Ga. 681, 682 (2) (324 SE2d 455) (1985). The trial court did not abuse its discretion.
3. (a) McGee assigns as error the admission in evidence of his tape-recorded statement. Unknown to the interviewers, the tape recorder had malfunctioned for a period of time during the giving of his statement, and the interview continued after the recorder had been repaired. McGee contends that he was entitled to have his entire statement, including the unrecorded portions, admitted. The officers who conducted the interview offered their reconstruction of its unrecorded portions, and testified that they were substantially the same as the recorded parts.
(b) In Croxton v. Leggett Motor Rebuilding, 168 Ga. App. 258, *179 259 (308 SE2d 640) (1983), it was held:
OCGA § 24-5-4 (a) ... makes the best evidence rule inapplicable whenever the absence of the original writing is "satisfactorily accounted for." OCGA § 24-5-21 ... provides that "[i]f a paper shall have been lost or destroyed, proof of the fact to the court shall admit secondary evidence. The question of diligence is one for the sound discretion of the court." This rule applies both to secondary documentary evidence and to parol testimony. [Cits.] [Emphasis supplied.]
Drawing upon OCGA §§ 24-5-4 (a) and 24-5-21 as parallel, the reconstructed statement was admissible. The recorded statement, as thus supplemented, was admitted only after a Jackson-Denno hearing. There has been no showing that McGee's unrecorded segment contained any exculpatory material.
There was no error.
4. (a) McGee enumerates as error the prosecutor's comment in closing argument that the defense had been able to produce but one witness to testify to the victim's general reputation for violence.
(b) In Gamarra v. State, 142 Ga. App. 196, 199 (5) (235 SE2d 652) (1977), it was held:
Of course, the state may not comment upon a defendant's failure to testify. However, the prosecutor may properly draw inferences in his argument from the nonproduction of witnesses. [Cits.]
The comment was not improper.
Judgment affirmed. All the Justices concur.
NOTES
[1] The crimes occurred on January 23, 1989, and McGee was indicted on February 16, 1989. He was found guilty on September 27, 1989, and was sentenced on the same date. A notice of appeal was filed on October 10, 1989. The appeal was docketed on February 1, 1990, and submitted without oral argument on March 16, 1990.