## S00A0234. CLOWERS v. SIKES.
### (532 SE2d 98)

HUNSTEIN, Justice.

We granted Derrick Clowers' application for a certificate of probable cause to appeal in this habeas corpus case to determine whether the record supports the finding of the habeas court that Clowers made a knowing and intelligent waiver of his right to counsel at the time he entered his guilty plea. We conclude that the record does not support that Clowers made a knowing and intelligent waiver and accordingly reverse his conviction.

It is undisputed that in February 1994 Clowers pled guilty to one count of robbery by sudden snatching for stealing sixty dollars from the wife of a minister. Clowers received a sentence of twenty years, ten to serve, on the condition that he testify against his co-defendant. Clowers was unrepresented at the guilty plea hearing and elected to enter a guilty plea after an assistant district attorney and a state investigator told Clowers that the State would seek the maximum sentence for the crime unless he entered the plea and agreed to give the testimony against his co-defendant. Clowers contends the negotiation took place in a room outside of the courtroom; the State contends that the meeting took place at a table in the courtroom. Clowers signed a written acknowledgment and waiver of rights form before he made an appearance before the trial judge. Once before the judge the ADA presented the waiver of rights form. No inquiry was made to ascertain whether Clowers wanted an attorney or whether he was entering his plea freely and voluntarily, with knowledge of the rights he was thereby waiving. The only question asked of Clowers by the trial court before the court accepted the plea was,

"[Y]ou understand [the ADA] is recommending to me that you get a sentence or a total of twenty, to serve the first ten, and that you would plead if I go along with that. Is that your understanding now?" When Clowers replied, "Yes, sir," the trial court accepted his plea. The trial court then questioned Clowers to determine whether he "understood all of [his] rights in this case." This inquiry included the trial court telling Clowers that, "you have the right to have a trial by a jury, and you have the right to have an attorney appointed to represent you, but you give up these rights if you plead guilty here now." The trial court then offered to allow him to withdraw his plea if he "wanted to go to trial."

Clowers subsequently filed a petition for habeas corpus alleging that his guilty plea was invalid because the trial court failed to advise him at the time he tendered his plea of his right to counsel for purposes of entering his guilty plea and that he was never informed of other constitutional rights. Although the waiver of rights form could not be located for the habeas hearing,[1] the habeas court accepted evidence of two waivers Clowers had signed without an attorney for crimes committed in Berrien County. The habeas court denied Clowers' habeas application finding that in signing the acknowledgment and waiver of rights form, Clowers knowingly and intelligently waived his right to counsel after being advised of that right.

> In *Boykin* [*v. Alabama,* 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969)], the court held that when the accused pleads guilty the record must disclose the defendant's voluntary waiver of his constitutional rights. The court [will] not presume a waiver, if it [is] not affirmatively shown on the record. Id. at 243 and n. 5.

*State v. Germany,* 245 Ga. 326, 327 (265 SE2d 13) (1980). The most reliable method of perfecting the record is to conduct an inquiry into the defendant's understanding of the nature and consequences of his plea. "[T]here is no procedural requirement that the judge personally make all the inquiries provided that they are made in his presence," id., 245 Ga. at 328-329; and the failure to make such inquiry is not fatal where the record reflects that the defendant was represented by counsel who advised him of all of his rights and the consequences of entering the plea. See *Huff v. Barnett,* 230 Ga. 446 (197 SE2d 345) (1973). However, especially where counsel is not present it is imperative that the guilty plea record show that the right was intelligently

---

[1] The DA indicated that the form is usually given to the judge who sends the entire file to the probation office when the case is concluded.

waived or that the plea was intelligently entered, because "[w]hat is at stake for an accused . . . demands the utmost solicitude of which courts are capable in canvassing the matter with the accused." *Boykin v. Alabama,* supra, 395 U. S. at 243-244. See *State v. Germany,* supra, 245 Ga. at 328.

Unlike *Parks v. McClung,* 271 Ga. 795, 798 (524 SE2d 718) (1999), the routine established by the ADA's testimony that the ADA explained to Clowers the rights set forth in the waiver form was not sufficient to establish a valid waiver of right to counsel in this case. The record does not affirmatively demonstrate that the explanation made by the ADA to Clowers took place in the presence of the court in order for the court to be able to ascertain that Clowers understood what constitutional rights he was foregoing by his plea of guilty. Nor did the colloquy between the court and Clowers establish a valid waiver. Although the entry of a guilty plea is a process, and the trial court may advise a defendant of his right to counsel at any time during the process until the plea is accepted by the court, id., the record in this case shows that before the trial court accepted the plea the court made no inquiry into Clowers' understanding of the significance of the constitutional rights he was waiving, especially the consequence of a plea without the presence of counsel. It was only after acceptance of his plea, that the trial court attempted to initiate any colloquy with Clowers about his right to the assistance of counsel. The inquiry in this regard fell short, as did the lack of a scrupulous inquiry into Clowers' understanding of his remaining right to confront witnesses against him, to subpoena witnesses, not to incriminate himself, the minimum and maximum penalties allowed for the crime, or the presumption of innocence.

Accordingly, we must conclude that an affirmative waiver of rights was not established with the result that the trial court erred in accepting the plea, and the habeas court erred in finding to the contrary.

*Judgment reversed. All the Justices concur, except Carley and Hines, JJ., who dissent.*

THOMPSON, Justice, concurring.

I concur in all that is said in the majority opinion. However, as the author of *Parks v. McClung,* 271 Ga. 795 (524 SE2d 718) (1999), I feel compelled to point out that that opinion does not control this appeal.

In *Parks,* the trial court engaged in a colloquy with the defendants to ensure that they understood their constitutional rights, and that they knowingly and voluntarily relinquished them. In this case, on the other hand, the record does not show that the court made a full effort to determine if Clowers understood the import of his con-

stitutional rights, and affirmatively waived them. There is evidence that the ADA spoke with Clowers in the courtroom, informed him of his constitutional rights, and heard him say that he waived them. There is no reason why such an inquiry cannot be undertaken in that manner, provided that the court is in a position to observe, and participate in, what transpires.[2] However, there is no evidence in this case that the court could hear the ADA's questions and Clowers' answers. Thus, the court was not able to ascertain whether Clowers intelligently waived his constitutional rights.

The entry of a guilty plea is a magic moment which separates the guilty from the innocent. It cannot be undertaken lightly. When a court accepts a guilty plea, it should strive to make a perfect record, leaving no doubt that it participated in the plea process and satisfied itself that the defendant understood and waived his rights.

CARLEY, Justice, dissenting.

The only contention ever raised in and addressed by the habeas court is whether, in entering his guilty plea, Clowers waived his right to counsel. Thus, that is the sole issue which this Court should now consider. See *King v. Hawkins*, 265 Ga. 93 (454 SE2d 135) (1995). As with all constitutional rights, a defendant can forfeit the right to counsel by a knowing and intelligent waiver. *Jones v. Wharton*, 253 Ga. 82, 83 (316 SE2d 749) (1984). The burden was on the Warden to prove a valid waiver by Clowers. *Blaylock v. Hopper*, 233 Ga. 504, 506 (1) (212 SE2d 339) (1975). After conducting a hearing, the habeas court found that the respondent met that burden. If there is any evidence to support that finding, we should not disturb it. *Williams v. Caldwell*, 229 Ga. 453 (1) (192 SE2d 378) (1972). There is clearly sufficient evidence and, in my opinion, the majority erroneously substitutes its finding for that which the habeas court was authorized to make. Therefore, I dissent to the reversal of the denial of Clowers' petition for habeas corpus.

The assistant district attorney who prosecuted Clowers testified to the "standing policy" in effect in his circuit when the guilty plea was entered. "Evidence of a routine or standard procedure can be used to establish a waiver of the right to counsel. [Cit.]" *Parks v. McClung*, 271 Ga. 795, 796, fn. 4 (524 SE2d 718) (1999). According to the assistant district attorney's testimony, there was "a waiver form that was used in our circuit that the judges required for us to review with each defendant [who] wanted to enter a plea of guilty." The Warden was unable to produce the actual form which Clowers signed, because it could not be found after a thorough search. However, the

---

[2] See *State v. Germany*, 245 Ga. 326, 328-329 (265 SE2d 13) (1980).

lack of that specific waiver form presented, at most, a "best evidence" problem. The Warden resolved the issue by producing identical documents identified "as examples of the waiver form that was used" in Clowers' case, as well as eyewitness testimony of the assistant district attorney that Clowers executed the waiver form that was presented to him. See *McGee v. State*, 260 Ga. 178 (3) (391 SE2d 400) (1990); *Harp v. State*, 169 Ga. App. 670, 671 (2) (314 SE2d 686) (1984); *Georgia Farm Bureau Mut. Ins. Co. v. Latimore*, 151 Ga. App. 786, 788 (1) (261 SE2d 735) (1979); *Trice v. Adams*, 33 Ga. App. 257, 258 (3) (125 SE 878) (1924). Thus, the evidence established that Clowers signed a waiver of rights form, the terms of which incorporated a full and complete waiver of his right to counsel. See *Parks v. McClung*, supra.

Moreover, the assistant district attorney testified that, before execution of the waiver form, he followed his "standard practice" of reviewing the terms with Clowers, informing him of his right to counsel and establishing that he did, in fact, want to waive that right. There is no procedural requirement that the trial court make the guilty plea inquiries, so long as they are made in its presence. *State v. Germany*, 245 Ga. 326, 328 (265 SE2d 13) (1980). Here, the assistant district attorney testified that, at the time he was making the inquiries of Clowers, they were seated at the defense table in the courtroom and that the trial judge was in the courtroom at that time. Thus, the discussion between Clowers and the assistant district attorney obviously took place in the trial court's presence.

The guilty plea hearing was conducted immediately after Clowers' execution of the waiver form. The transcript of that hearing shows that Clowers responded in the affirmative when the trial court asked if he understood what the assistant district attorney had just discussed with him. The trial court also stated that it wanted "to be sure" that Clowers understood "all [of his] constitutional rights." To that end, the trial court referred to the signed waiver form, and asked whether Clowers did understand all of his rights. Clowers agreed that he did. The trial court then specifically informed him of his right to counsel and gave him an opportunity to withdraw his proffered plea and proceed to trial with appointed counsel. However, Clowers responded that he wanted to adhere to his guilty plea. It is immaterial that this colloquy may have occurred after the trial court's oral "acceptance" of Clowers' guilty plea. *Parks v. McClung*, supra at 798.

It is clear that the evidence in this case authorizes a finding that, before entering his guilty plea, the defendant made a knowing and intelligent waiver of the right to counsel. Presuming waiver from a silent record is impermissible, but, at least until today's opinion, the State could use extrinsic evidence to show that a guilty plea was

knowing and voluntary. *Roberts v. Greenway*, 233 Ga. 473, 475 (1) (211 SE2d 764) (1975). In my opinion, *Parks v. McClung*, supra, is, in all material respects, indistinguishable. Here, as there, the extrinsic evidence offered at the habeas hearing proved that the defendant was fully advised of his right to counsel and that the trial court satisfied itself that he was aware of that right and voluntarily waived it. "This evidence authorized the habeas court's finding that [Clowers] knowingly, intelligently and voluntarily waived [his] right to counsel. [Cits.]" *Parks v. McClung*, supra at 798. As *Parks* is controlling authority which mandates an affirmance herein, I dissent to the reversal of the habeas corpus court's correct order.

I am authorized to state that Justice Hines joins in this dissent.

DECIDED JUNE 12, 2000.

*Craig L. Cascio*, for appellant.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jeanne K. Strickland, Wesley S. Wood, Assistant Attorneys General*, for appellee.