D. F. BRYAN *et al.*, plaintifff in error, *vs.* THE STATE, defendant in error.

In the proceeding against Road Commissioners before the Superior Court, under 701 section of the Code (Act of 1866), for neglect of duty, it is error in the Judge to compel the defendants to answer under oath questions, the answer to which may subject them to a fine, forfeiture or penalty.

Constitutional law. Witness. Before Judge HARRELL. Randolph Superior Court. May Term, 1870.

Bryan, A. J. Moye and N. M. Weaver, were required by rule to appear before the Superior Court and show cause why they should not be fined for a neglect of their duties as road commissioners of said county. They answered and were at issue with the State; they were tried jointly. The solicitor general proposed to examine said Bryan as a witness for the State. Defendant's counsel contended that this was a criminal proceeding, and that Bryan could not be compelled to testify against himself. The Court overruled the objection, Bryan was examined, and the State closed. Weaver and Moye testified in behalf of defendants. The Court fined each of said parties $50 00. Compelling Bryan to testify is assigned as error. Other points were made but were not passed upon by this Court in this case.

H. FIELDER, for plaintiff in error.

A. HOOD, LYON, DEGRAFFENRIED & IRVIN, for defendants.

Brown *vs.* The State of Georgia.

McCay, J.,

It has been from time immemorial a settled principle of the common law, that no one shall be compelled to answer answer any question as a witness, tending to criminate himself or to subject him to a fine or forfeiture, or any crimiual charge: 1 Greenleaf Ev., page, 620, 621. Our evidence Act of 1866, Code, section 3798, making all persons competent and compellable to be witnesses, contains substantially the same principle. The words used are: "No person shall be compellable to answer any question tending to criminate himself or herself."

It is true this is not exactly a criminal case, yet, it closely analogizes itself to such cases. The Court will, if the jury sustain the complaint, fine the defendant, and the answer to the questions will be an answer to a question tending to criminate the witness. We think therefore it was error in the Court to compel this witness to answer, he objecting.

Judgment reverse.