## 64602. BROWN v. THE STATE.

DEEN, Presiding Judge.

1. The defendant was convicted of burglary, kidnapping and statutory rape of his eleven-year-old niece. The victim made a firm identification in the face of sustained cross-examination that she (1) recognized the defendant by his voice although he was originally wearing a mask, (2) was told by the defendant that he was Ananias,

whom she knew well, and (3) that he removed the mask and she got a good look at him under a street light, thus visually identifying him. She testified that the defendant took her from her bed to another house, raped her, and then allowed her to leave. She went home and was promptly taken to a hospital after describing her ordeal. A medical examination was made and was positive for human sperm. There is strong corroborative evidence that the child was found missing from her bedroom at the time in question, that the house to which she was taken was identified from her description, and that the defendant had been seen about the premises of the victim the day before the entry and kidnapping.

The defendant and a defense witness offered alibi evidence that at the times in question, between midnight and 2:30 a.m., they were walking and talking on a named city street. Defendant now contends that because of this the evidence is insufficient to support conviction under the constitutional standard enunciated in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Since the rendition of this landmark decision in 1979 the Georgia courts have cited it in almost every appeal raising an evidence sufficiency question. It might therefore be well to point out that Jackson does *not* require that there be no evidence on which a jury might, if it believed it, base a verdict of acquittal, nor does it require that, confronted with conflicting evidence, the jury is constitutionally required to believe only that relating to the defendant's innocence. This is not the thrust of Jackson. On the contrary, as the last paragraph of the majority opinion states: "Only under a theory that the prosecution was under an affirmative duty to rule out every hypothesis except that of guilt beyond a reasonable doubt could this petitioner's challenge be sustained . . . We decline to adopt [that theory] today. Under the standard established in this opinion as necessary to preserve the due process recognized in Winship [397 U. S. 358 (90 SC 1068, 25 LE2d 368) (1970)] a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution. Applying these criteria, we hold that a rational trier could have reasonably found that the petitioner committed" the crime with which he was charged.

The general grounds are without merit.

2. To the question, "How long have you been knowing Ananias Brown?" the victim replied: "I don't know. Ever since he come from the chain gang." The answer was voluntary, was not suggested by the question, was relevant, and met with no objection in the trial court. The contention that it placed the defendant's character in evidence

cannot be raised for the first time in this court. *Cole v. State,* 156 Ga. App. 6 (2) (274 SE2d 64) (1980).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 15, 1982.

*Alvin C. McDougald,* for appellant.

*Willis B. Sparks III, District Attorney, Wayne G. Tillis, Thomas J. Matthews, Assistant District Attorneys,* for appellee.

*Judgment affirmed. Sognier and Pope, JJ., concur.*