## 67826. COONCE v. THE STATE.

BENHAM, Judge.

Jerry Coonce appeals his bench trial conviction of criminal trespass. Coonce chose to defend himself at trial without representation by counsel. His attorney on appeal contends that the trial court committed reversible error by failing to advise Coonce of his constitutional and statutory rights not to give evidence for or against himself; by failing to advise Coonce of his right to testify in his own behalf; and by failing to determine whether a knowing waiver of Coonce's right to testify in his own behalf was made.

1. Under the Georgia Constitution and the Fifth Amendment to the United States Constitution, "[n]o person shall be compelled to give testimony tending in any manner to be self-incriminating." Georgia Constitution, Art. I, Sec. I, Par. XVI (1983). The purpose of this constitutional guaranty is to protect a criminal defendant "from being *compelled* to furnish evidence against himself, either in the form of oral confessions or incriminating admissions of an *involuntary* character, or of doing an act *against his will* which is incriminating in its nature. [Cits.]" (Emphasis supplied.) *Walter v. State,* 131 Ga. App.

667, 674 (206 SE2d 662) (1974). OCGA § 24-9-20 (a) provides similar protection and "is governed by the same standards as its constitutional counterpart. [Cit.]" *Jordan v. State*, 239 Ga. 526 (3) (238 SE2d 69) (1977). Coonce asserts that when the court asked him if he had a closing argument and he complied, "it had the effect of virtually calling the defendant to the stand, without advising him that he had the right to refuse." This premise is without merit, for none of his statements made during arguments were under oath. See *Bryan v. State*, 40 Ga. 688 (1870). Furthermore, there is nothing in the record indicating that appellant was in any way compelled to make a closing argument. Since he did not testify and was not cross-examined, we do not see how Coonce was harmed in any way by the failure of the trial court to advise him of his right not to be compelled to testify under oath.

2. OCGA § 24-9-20 (b) provides that if the defendant "wishes to testify *and announces in open court his intention to do so*, he may so testify in his own behalf." (Emphasis supplied.) OCGA § 17-7-28 likewise states: "If the defendant wishes to testify *and announces in open court before the court of inquiry his intention to do so*, he may testify in his own behalf." (Emphasis supplied.) Coonce did not indicate any intention or desire to testify during the trial, and he concedes on appeal that there is no Georgia authority placing an affirmative duty on the trial court to advise the defendant of his right to testify in his own behalf.

While it may be the better practice to apprise witnesses of their rights in this regard, and under some circumstances it must be done, "under ordinary circumstances, where no statute requires it, and where the witness possesses ordinary intelligence and is under no duress, the judge need not inform the witness of his constitutional privilege." 81 AmJur2d 82-83, Witnesses, § 50, fn. 78, citing State v. Lloyd, 152 Wis. 24 (139 NW 514). The trial transcript makes it clear that Coonce, in the handling of his own defense, possessed at least ordinary intelligence. Moreover, the judge, sitting without a jury, allowed him great latitude in the form and substance of his examination and cross-examination of witnesses, as well as his closing argument, which effectively presented any further testimony of his own he might have wished to introduce. The evidence amply supported the finding of guilt, and we find no grounds for reversal under any of the arguments asserted.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 16, 1984.

*William T. Whatley,* for appellant.

*Bruce V. Durden, Solicitor*, for appellee.