## A98A2124. STEPHENS v. THE STATE.
(510 SE2d 575)

POPE, Presiding Judge.

Robert Greg Stephens pled guilty to a violation of the Georgia Controlled Substances Act. In his sole enumeration of error, he contends that the trial court erred in accepting his guilty plea without a knowing and voluntary waiver of his constitutional rights.[1] We reject Stephens' arguments and affirm.

The record establishes that Stephens was charged by accusation with knowingly possessing more than 200 grams of a mixture containing methamphetamine. On February 2, 1998, the case came for trial before the superior court and the court recited the charge to Ste-

---

[1] We first note that the appeal is properly before the court as a timely-filed direct appeal because the issues Stephens seeks to raise on appeal may be resolved by the record. See *Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997); *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996).

phens. The court then recounted that Stephens had previously entered a plea of guilty, which the court subsequently had allowed him to withdraw.

The court took a break, during which Stephens apparently decided to plead guilty. After the break, the court recited the charges from the accusation. The State then presented the facts it relied upon to prosecute Stephens, the recommended sentence and factors which led to that recommendation, and stated that Stephens had agreed to plead guilty.

The court asked Stephens whether he had read Exhibit A, which is the "Statement of Defendant Desiring to Enter Negotiated Plea"; whether the statement was true; and whether he had freely and voluntarily signed it. That statement, which is signed by Stephens and his attorney, certified that Stephens understood the charge against him; that he had discussed the charge with his attorney; that he understood the specific rights he was waiving by entering his plea (the form specified the various rights Stephens was waiving); that he understood the maximum and minimum possible sentences for the offense; that he understood the sentence he would receive; and that he was entering the plea freely, voluntarily, with a full understanding of the charges, and without coercion.

The court then ascertained that defendant's attorney had signed the statement entitled: "Statement of Defendant's Attorney When Plea is Tendered." That statement certified that defendant's attorney had explained to Stephens all of his constitutional and statutory rights; that he had gone over with Stephens the "Statement of Defendant Desiring to Enter Negotiated Plea"; that he had advised his client of the available alternatives to entering a plea and of considerations deemed important to him in reaching a decision; and that he knew of no reason his client should not enter a plea.

The court then concluded that Stephens understood the charges against him; that he had freely and voluntarily tendered a plea of guilty; and that he had freely and voluntarily waived his constitutional rights.

Here, Stephens argues that the proceedings surrounding the entry of his plea were unduly confusing and that his plea was not entered into voluntarily and knowingly. This argument lacks merit.

"Before accepting a plea of guilty, a trial court must determine that the plea is voluntarily made and that the defendant 'intelligently and understandingly' waives his constitutional rights, which requires a showing on the record that the defendant has freely and voluntarily entered the plea with an understanding of the nature of the charges against him and the consequences of his plea. When a defendant enters a plea of guilty and subsequently challenges the validity of the guilty plea, the State may meet its burden of demon-

strating the plea was intelligently and voluntarily entered by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) filling a silent or incomplete record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary." (Citations and punctuation omitted.) *Bacon v. State*, 201 Ga. App. 641 (411 SE2d 785) (1991). See also *Barber v. State*, 231 Ga. App. 176 (2) (498 SE2d 758) (1998).

While the trial court did not mention during the plea hearing all of the rights Stephens was waiving, this Court has previously determined that the trial court is authorized to accept the testimony given by Stephens in his "Statement of Defendant Desiring to Enter Negotiated Plea." See *Romano v. State*, 220 Ga. App. 322, 323 (3) (469 SE2d 726) (1996). Although the better practice is to discuss every essential right a defendant is waiving on the record with that defendant, see *Moore v. State*, 225 Ga. App. 860 (1) (485 SE2d 552) (1997), the preprinted form which Stephens signed adequately establishes that he understood the rights he was waiving. Additionally, the preprinted form Stephens' counsel signed showed that Stephens' counsel reviewed both the preprinted form and various ramifications of the plea with Stephens. See *Evans v. State*, 216 Ga. App. 21, 24 (3) (453 SE2d 100) (1995). "The question is not whether the trial court followed the letter of USCR 33.8 but whether the record, as a whole, affirmatively shows [Stephens'] plea was knowing and voluntary." (Citation and punctuation omitted.) *Moore v. State*, 225 Ga. App. at 860-861. See generally *Bullard v. State*, 198 Ga. App. 603 (402 SE2d 539) (1991) (form which was filled in and signed by appellant which listed the rights he was waiving and consequences of his plea, which also was signed by judge, was sufficient to establish that appellant's plea was knowing); compare *Pirkle v. State*, 221 Ga. App. 657 (472 SE2d 478) (1996). We conclude that the record as a whole affirmatively shows that Stephens' plea was knowing and voluntary and affirm. See generally *Manues v. State*, 232 Ga. App. 454 (501 SE2d 826) (1998).

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED DECEMBER 14, 1998.

*Saia, Richardson & Meinken, Joseph J. Saia*, for appellant.
Robert G. Stephens, *pro se.*
*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.