S99A1703, S99X1747. TURPIN v. BENNETT; and vice versa.
(525 SE2d 354)

THOMPSON, Justice.

Jack A. Bennett was convicted of malice murder and sentenced to death. This Court affirmed his conviction and death sentence,[1] and the Supreme Court of the United States denied his petition for a writ of certiorari.[2] Bennett filed a petition for a writ of habeas corpus with the Superior Court of Butts County, and that court granted his petition on August 4, 1998. The habeas court based its decision on the ineffective assistance rendered to Bennett by his expert witness, a psychiatrist, who was suffering from AIDS-related dementia at the time of his testimony.

This Court reversed the habeas court's decision, holding that

---

[1] *Bennett v. State*, 262 Ga. 149 (414 SE2d 218) (1992).

[2] *Bennett v. Georgia*, 506 U. S. 957 (113 SC 416, 121 LE2d 340) (1992), rehearing denied, 506 U. S. 1072 (113 SC 1031, 122 LE2d 175) (1993).

there is no constitutional right to the effective assistance of an expert witness and remanding the case to the habeas court for consideration of Bennett's remaining claims.[3]

On remand, the habeas court found that Bennett's counsel had rendered ineffective assistance in failing to seek a continuance in response to the impaired witness's conduct. The habeas court further concluded that counsel's ineffectiveness deprived Bennett of a fair trial because his insanity defense was completely undermined.[4] The State has appealed in Case No. S99A1703. Bennett has cross-appealed in Case No. S99X1747, arguing that the habeas court improperly denied his claims to relief on other grounds.

This Court has previously set forth a full description of the expert witness's conduct during Bennett's trial.[5] During his testimony, the witness abandoned his former diagnosis without explanation, appeared "deathly ill," made "cartoonish" facial expressions, volunteered testimony that whoever committed the murder was a "vicious maniac," and stated that appropriate psychiatric treatment for Bennett would have been nothing more than Tylenol for his headache, Zantac for his stomach ailment, and follow-up care. The jury laughed out loud at his testimony. The expert's conduct and the radical change in his testimony were due solely to the expert's impaired mental condition. In the face of this pivotal witness's manifest impairment, defense counsel failed to move for a continuance in order to locate another expert witness or take some other remedial measure.

"The proper standard of review requires that we accept the habeas court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. [Cit.]"[6] The evidence adduced below[7] supports the habeas court's findings that (1) in failing to seek a continuance Bennett's counsel rendered ineffective assistance at his trial and (2) counsel's ineffectiveness so prejudiced Bennett's case that he was effectively denied his right to a fair trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.[8] Accordingly, we affirm the habeas court's order granting Bennett's petition for a writ of habeas corpus.

Having affirmed the habeas court's order, we need not address the claims raised in Bennett's cross-appeal seeking the same relief on

---

[3] *Turpin v. Bennett*, 270 Ga. 584 (513 SE2d 478) (1999).

[4] See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[5] See *Turpin v. Bennett*, supra.

[6] *Turpin v. Lipham*, 270 Ga. 208, 211 (510 SE2d 32) (1998).

[7] See *Turpin v. Bennett*, supra at 584-587, for a summary of the evidence presented at the habeas corpus hearing.

[8] See *Strickland v. Washington*, supra.

other grounds. Accordingly, we dismiss the cross-appeal for mootness.

*Judgment affirmed in Case No. S99A1703; appeal dismissed in Case No. S99X1747. All the Justices concur, except Hunstein and Carley, JJ., who dissent.*

CARLEY, Justice, dissenting.

Originally, the habeas court set aside Jack Bennett's conviction and death sentence on the ground that the trial testimony of his expert witness, Dr. Boaz Harris, was ineffective and deprived him of due process. In so doing, the habeas court relied upon an erroneous legal theory, and we reversed and remanded the case in order for the habeas court to make a proper determination as to whether the response of defense counsel to the incompetency of Dr. Harris violated Bennett's constitutional right to effective legal assistance. *Turpin v. Bennett*, 270 Ga. 584 (513 SE2d 478) (1999). On remand, the habeas court again set aside the conviction and sentence, and a majority of this Court now affirms that order. In my opinion, however, the habeas court misconstrued our previous decision and, consequently, erred yet again in its resolution of the constitutional issue. Therefore, I dissent to the majority's affirmance of a judgment resulting from the habeas court's continued failure to apply the appropriate standards and authorities in resolving this case.

If he is to prevail, Bennett has the burden of proving that the performance of his trial counsel was deficient and that the deficient performance prejudiced his defense. "Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984). With regard to the first prong, the habeas court must give effect to the strong presumption that the performance of Bennett's attorney was within the wide range of reasonable professional conduct, and it cannot find otherwise unless and until Bennett successfully rebuts that presumption by clear and convincing evidence. *Flanigan v. State*, 269 Ga. 160, 162-163 (2) (496 SE2d 255) (1998).

> Ineffective-assistance-of-counsel claims will be raised only in those cases where a defendant has been found guilty of the offense charged, and from the perspective of hindsight there is a natural tendency to speculate as to whether a different trial strategy might have been more successful.

*Lockhart v. Fretwell*, 506 U. S. 364, 372 (113 SC 838, 122 LE2d 180) (1993).

It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. [Cit.]

*Strickland v. Washington*, supra at 689 (III) (A). Therefore, both the habeas court and a reviewing court must not conclude that a petitioner's trial counsel was ineffective simply because he was unsuccessful. A claim that a petitioner's attorney was ineffective must be appraised under the applicable standard. "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, supra at 689 (III) (A). The appropriate test

"has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted . . . we are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately. [Cit.]"

*Jefferson v. Zant*, 263 Ga. 316, 318 (3) (a) (431 SE2d 110) (1993). "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland v. Washington*, supra at 688 (III) (A).

Even a cursory review of the habeas court's order on remand shows a failure to apply this controlling standard. Rather than addressing Bennett's burden of producing clear and convincing evidence of his defense counsel's ineffectiveness, the habeas court concluded that *Turpin v. Bennett*, supra, "strongly indicated [this Court] would affirm a holding of incompetency of Defendant's trial attorneys" and, based upon this conclusion, then indicated that, "with some reluctance," it would "so hold." The habeas court's interpretation of *Turpin v. Bennett* as authorizing, in effect, a direction of a verdict for Bennett on his constitutional claim is clearly erroneous, as nothing in our opinion could or should be construed as intimating our ultimate opinion on the reasonableness of his lawyer's performance. To the contrary, the remand was necessary because the habeas court's initial failure to consider all of Bennett's contentions regarding the ineffectiveness of his trial counsel precluded this Court from reaching *any* conclusion as to that issue. Since the undeveloped record on this particular matter would not permit us to hold that Bennett's trial counsel was or was not effective, we remanded the case for the habeas court to determine whether defense counsel was

ineffective in presenting Dr. Harris' testimony once it became apparent that he was incompetent, in failing to seek a continuance to procure the assistance of another expert for the remainder of the guilt/innocence and the penalty phases of the trial, and any other claims asserted but not considered.

*Turpin v. Bennett*, supra at 590 (2). It appears that the habeas court incorrectly assumed that the controlling issue on remand was whether the trial court itself was aware of the witness's manifest incapacity. However, the applicable inquiry is not the trial court's knowledge of Dr. Harris's condition, but whether the failure of Bennett's trial counsel to invoke a ruling from the trial court in the form of a motion for continuance or otherwise was such ineffective legal representation as to constitute a constitutional denial of due process. See *Clisby v. Jones*, 960 F2d 925, 934, fn. 12 (11th Cir. 1992) (cited with approval in *Turpin v. Bennett*, supra at 590 (2)). The habeas "court *must* . . . determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." (Emphasis supplied.) *Strickland v. Washington*, supra at 690 (III) (A). The habeas court has yet to perform its mandatory obligation to address the issue of the reasonableness of trial counsel's failure to seek a continuance or otherwise react to Dr. Harris's testimony. In my opinion, the majority opinion fails to recognize this clear and palpable erroneous deficiency in the remand order.

Moreover, even assuming that the habeas court had made a proper determination as to the ineffectiveness of trial counsel, Bennett still would not be entitled to relief unless he also made a sufficient showing as to the prejudice prong. " 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.' [Cit.]" *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995). "[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." *Lockhart v. Fretwell*, supra at 369. Therefore, Bennett is not entitled to habeas relief unless and until he proves that his trial lawyer was ineffective *and* that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, supra at 694 (III) (B).

In *Turpin v. Bennett*, the habeas court concluded that Dr. Harris's performance was prejudicial to the defense. However, that deter-

mination is immaterial, since the deficient and prejudicial performance of a defendant's trial attorney constitutes the sole basis of a constitutional claim of ineffective assistance of counsel. A review of the order entered on remand discloses that the habeas court simply did not address the relevant inquiry of whether the response of trial counsel to Dr. Harris's performance, even if professionally unreasonable, so prejudiced the outcome as to authorize setting aside Bennett's murder conviction and death sentence. In making this prejudice determination, the habeas court "must consider the totality of the evidence before the judge or jury." *Strickland v. Washington*, supra at 695 (III) (B). In this connection, I believe that it is imperative that we consider the fact that Dr. Harris was not Bennett's only witness as to the insanity defense and that, as a matter of law, it was not ineffective for trial counsel to call Dr. Harris to testify. *Turpin v. Bennett*, supra at 588 (2). On remand, therefore, the habeas court was required to determine whether there was a reasonable probability that the jury would have accepted Bennett's insanity defense or imposed a life sentence but for the failure of trial counsel to move for a continuance or seek some other form of relief after Dr. Harris began testifying, considering that the jury did hear from additional lay and expert witnesses and that Dr. Harris's testimony, although damaging, was admissible.

> It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, [cit.], and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding.

*Strickland v. Washington*, supra at 693 (III) (B).

In failing to address the dispositive issue of prejudice, the habeas court appears to have been under the impression that, having previously reached the conclusion that the result of the trial was unjust, it was authorized to set aside Bennett's conviction and sentence on remand without determining who was responsible for that result. This is clearly erroneous, since habeas relief was authorized only if the conviction and sentence resulted from the ineffective assistance of Bennett's trial counsel and no one else. Because the habeas court did not make a proper determination of the prejudice prong of Bennett's cognizable claim of ineffective assistance of counsel, I submit that the majority incorrectly affirms the order entered by the habeas court after remand.

A habeas court must grant relief if a petitioner demonstrates his entitlement thereto. However, the warden, as well as the petitioner,

is entitled to a hearing at which the constitutional claims are resolved in accordance with applicable standards and controlling authorities. The habeas court has not yet considered Bennett's claim of ineffective assistance of trial counsel in accordance with those standards and authorities. By affirming the deficient order entered on remand in this case, the majority fails to give effect to the mandate of *Turpin v. Bennett* that the habeas court resolve the Sixth Amendment claim in an appropriate manner. Therefore, I dissent in Case No. S99A1703. Because the claim of ineffective assistance of counsel clearly does not form a proper independent basis for affirming the habeas court's order, the majority mischaracterizes Case No. S99X1747 as a moot defensive cross-appeal. Thus, I also dissent to the dismissal of that case.

I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED JANUARY 18, 2000 —
RECONSIDERATION DENIED FEBRUARY 11, 2000.

*Thurbert E. Baker, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General,* for appellant.

*King & Spalding, Douglas W. Gilfillan, Stephen S. Cowen,* for appellee.