Charles Lawrence, *pro se.*

## S00A1520. PENDERGRASS v. THE STATE.
### (540 SE2d 598)

THOMPSON, Justice.

Defendant Robbie Pendergrass was convicted of malice murder, and possession of a firearm during the commission of a crime, in connection with the shooting death of John Paul Smith. This appeal followed the denial of her motion for a new trial.[1] We affirm.

Defendant and the victim lived in the same neighborhood and they had a relationship of sorts. On the night in question, the victim went to defendant's trailer and demanded sex. Defendant shot the victim with a .22 rifle in the knee and the chest. The victim fell to the floor; he was still alive.

Defendant left the trailer, padlocked the door and the front gate, and calmly walked down the road to a convenience store where she made a telephone call to a friend. She spoke to the friend for over 15 minutes, telling him that she accidentally shot the victim. The friend urged defendant to hang up the telephone and dial 911, but she did not do so.

When two other friends entered the store, defendant told them that she shot the victim. The two friends were incredulous; they wanted to see for themselves. They accompanied defendant to the trailer and saw the victim lying on the floor. He was still breathing. Defendant said that she and the victim had been "wrestling over a gun" and that "it went off." She added that she had grown tired of being beaten, raped and robbed by the victim.

The two friends hurried back to the convenience store and called the police, who arrived soon thereafter. Attempts to resuscitate the victim were unsuccessful and he was pronounced dead when he arrived at the hospital.

Defendant initially told the police that she and the victim argued

---

[1] Smith was killed on July 21, 1998. The grand jury indicted defendant, and charged her with malice murder and possession of a firearm during the commission of a crime, on August 28, 1998. Trial commenced on February 1, 1999, and the jury returned a verdict of guilty on both counts on February 5, 1999. The trial court sentenced defendant to life for malice murder and five years (consecutive) on the firearm charge. Defendant's timely filed motion for a new trial was denied on December 10, 1999, and she filed a notice of appeal on January 10, 2000. The case was docketed in this Court on May 31, 2000, and submitted for a decision on the briefs on July 24, 2000.

about money; that he pushed her down and she grabbed her rifle; and that they fought over the rifle when it accidentally discharged. She then said that he was on top of her and raised his fist to hit her when she shot him.

At trial, the State presented evidence that a few nights before the night in question, defendant told a neighbor that she would kill the victim if she knew "somebody to help her haul him off." It also introduced evidence of a prior transaction in which defendant shot an unarmed man two times in the chest. Finally, the State presented forensic evidence that contradicted defendant's version of events. That evidence demonstrated either that the victim was shot as he turned to protect himself, or that he did not appreciate the fact that he was going to be shot.

1. The evidence was sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of malice murder and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Shazer v. State*, 272 Ga. 41 (526 SE2d 856) (2000).

2. In her second enumeration of error, defendant asserts her expert witness, a psychologist, was ineffective. In this regard, defendant argues that her expert testified that she was suffering from battered person syndrome; but that, in fact, she was suffering from rape trauma syndrome. This enumeration is without merit. There is no constitutional right to the effective assistance of an expert. *Turpin v. Bennett*, 272 Ga. 57 (525 SE2d 354) (2000).

Construing defendant's enumeration as to raise an ineffective assistance of counsel claim, it must fail nevertheless. Defendant did not show that counsel's performance fell outside the wide range of reasonable professional conduct, or that there is a reasonable probability that, absent counsel's deficient performance, the result of the trial would have been different. *Brady v. State*, 270 Ga. 574 (4) (513 SE2d 199) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2001.

*Floyd H. Farless*, for appellant.

*Tambra P. Colston, District Attorney, Charles S. Cox, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.