## S01A0873. BRITT v. SMITH.
(556 SE2d 435)

CARLEY, Justice.

On December 8, 1993, in Spalding County, Georgia, Victor Britt killed Mr. Milton Cochran, a store owner, by stabbing him 16 times in the chest and slashing his throat from ear to ear. When he was captured a short time later, he confessed to the authorities. Represented by competent and able counsel, he thereafter negotiated a plea bargain to avoid the State's pursuit of the death penalty. He pled guilty to malice murder and to the commission of aggravated battery on a person over the age of 65. The trial court accepted the plea and imposed the bargained-for sentences. Britt petitioned for a writ of habeas corpus, challenging the constitutionality of his guilty plea. The habeas court denied relief. We granted Britt's application for a certificate of probable cause to appeal, in order to determine whether the habeas court correctly concluded that he knowingly and voluntarily entered his guilty plea. Having considered the transcript of the guilty plea hearing and finding no constitutional violation, we affirm the denial of the petition.

At the guilty plea hearing, Britt's attorney made the following statement:

> My client deeply regrets what happened and *pleads openly and freely to the murder and aggravated battery count.* . . . [W]e are . . . appreciative of both the District Attorney and Your Honor's willingness to accept a plea that eliminates the death penalty . . . in this case.

(Emphasis supplied.) At that same guilty plea hearing, Britt made an emotional apology to Mr. Cochran's family and stated to them and to the trial court that he wanted "everybody to heal, and so I'm taking this upon myself, you know, [be]cause I'm a man. I accept the responsibilities of taking this upon myself." Britt now seeks to evade responsibility for his crimes by alleging that his guilty plea was not knowing and voluntary and that it was, therefore, unconstitutional. However, the record in this case shows that, before entering the guilty plea, Britt was fully apprised that by pleading guilty, he would relinquish the right to remain silent, the right to confront witnesses, and the right to trial by jury. Thus, the habeas court clearly was authorized to find that the guilty plea was constitutionally valid as against the attack made upon it. See *Boykin v. Alabama*, 395 U. S. 238, 243 (89 SC 1709, 23 LE2d 274) (1969); *Bowers v. Moore*, 266 Ga. 893 (471 SE2d 869) (1996).

Uniform Superior Court Rule (USCR) 33.8 requires a trial court to inform a criminal defendant on the record that he will waive cer-

tain enumerated rights by pleading guilty. However, that Rule is not a constitutional provision, and habeas corpus relief is not available unless Britt suffered a substantial denial of his federal or state constitutional rights. OCGA § 9-14-42 (a). A written constitution is "the original law by which our system of government was set up." *Wheeler v. Bd. of Trustees of Fargo School Dist.*, 200 Ga. 323, 331 (3) (37 SE2d 322) (1946). This Court is authorized to promulgate the Rules "in order to provide for the speedy, efficient and inexpensive resolution of disputes and prosecutions. . . ." USCR 1. However, this Court cannot amend the federal or state constitutions by incorporating the Rules therein, so as to elevate those provisions to the status of "rights" which are guaranteed by the paramount law of this state. See USCR 1. " 'The object of construction, as applied to a written constitution, is to give effect to the intention of the people in adopting it . . . [.]' [Cit.]" *Laurens County v. Keen*, 214 Ga. 32, 33 (1) (102 SE2d 697) (1958). The United States Constitution and the Georgia Constitution of 1983 as "adopted by the people of this State . . . [are] binding on this [C]ourt." *Cox v. Peters*, 208 Ga. 498, 505 (67 SE2d 579) (1951). As a criminal defendant, Britt certainly had the constitutional right to due process, which right mandates that the plea he entered be a knowing and voluntary admission of his guilt. *Boykin v. Alabama*, supra; *Claybourn v. State*, 190 Ga. 861, 865 (1) (11 SE2d 23) (1940). However, the citizens of Georgia also have the fundamental right to a convicted defendant's continued incarceration, if lawful, and to a judiciary which adheres to the limitations on its authority to grant habeas relief when addressing the validity of convictions.

Because USCR 33.8 is not a constitutional provision, the question of whether its requirements "were violated is not cognizable in a habeas action. . . ." *Parker v. Abernathy*, 253 Ga. 673, 674 (324 SE2d 191) (1985). The *only* legitimate issue before this Court is whether the habeas court correctly held that Britt's guilty plea passes constitutional muster because he knowingly and voluntarily entered it. The only burden on the Warden was to address Britt's challenge and show that the " 'guilty plea was informed and voluntary, and made with an articulated waiver of the *three Boykin* rights.' [Cit.]" (Emphasis supplied.) *Nash v. State*, 271 Ga. 281, 285 (519 SE2d 893) (1999). The three *Boykin* rights are the " 'right to trial by jury, [the] privilege against self incrimination, and [the] right to confront [one's] accusers.' " *Nash v. State*, supra at 285.

Thus, resolution of this appeal is not dependent upon the Warden's showing that Britt waived any additional rights enumerated in USCR 33.8 (B). We cannot elevate the provisions of that Rule to the status of requirements of constitutional dimension, by ignoring the controlling principle that "habeas corpus is available to review constitutional deprivations only. . . ." *Valenzuela v. Newsome*, 253 Ga.

793, 795 (2) (325 SE2d 370) (1985).

*Byrd v. Shaffer*, 271 Ga. 691 (523 SE2d 875) (1999) is not support for engrafting USCR 33.8 onto either the United States or Georgia Constitutions. There, unlike here, the habeas court *found* a violation of constitutional rights and *granted* the writ of habeas corpus. Thus, the issue on appeal in *Byrd* was the sufficiency of the evidence to support that finding. Although the transcript of the guilty plea hearing did not show a waiver of the three *Boykin* rights, trial counsel testified that his typical practice was to review with his clients the rights they were waiving. The petitioner, however, testified that the attorney did not follow that routine in his particular case. On appeal, this Court affirmed because, under those circumstances, the habeas court's finding that there *had* been a constitutional violation was

> not clearly erroneous. Shaffer testified that his counsel did not go over the waiver of rights and his counsel testified that his typical practice was to go over the rights being waived. Because there was conflicting evidence regarding what Shaffer's counsel might have told Shaffer about the consequences of a guilty plea, the habeas court, as the finder of fact, was authorized to resolve the conflicts in the manner in which it did. [Cit.]

*Byrd v. Shaffer*, supra at 692 (1). Thus, *Byrd* stands only for the limited proposition that, when the transcript of the guilty plea hearing fails to show an express constitutional waiver, the testimony of a habeas petitioner that he was not informed of any of the *Boykin* rights will authorize the *grant* of relief. *Byrd* does not support the conclusion in this case that the habeas court's finding that there has *not* been a constitutional violation is itself *clearly erroneous* because the record does not show that the petitioner was informed of the rights listed in *USCR 33.8*.

Likewise, *Clowers v. Sikes*, 272 Ga. 463, 464 (532 SE2d 98) (2000) does not hold that the failure to inform the defendant of the rights enumerated in USCR 33.8 will render his guilty plea constitutionally invalid. That Rule is not mentioned in *Clowers*, because that case does not concern the voluntariness of a guilty plea, but deals with the entirely separate and distinct question of the waiver of the constitutional right to counsel. *Boykin v. Alabama*, supra at 242. See also *Brady v. United States*, 397 U. S. 742 (90 SC 1463, 25 LE2d 747) (1970); *White v. Maryland*, 373 U. S. 59 (83 SC 1050, 10 LE2d 193) (1963); *Ward v. State*, 248 Ga. 60, 64 (3) (281 SE2d 503) (1981); *Purvis v. Connell*, 227 Ga. 764, 766 (182 SE2d 892) (1971). Even the Rules recognize the distinction between those two issues. USCR 33.2 (B), 33.7. *Clowers* is simply not relevant here, because Britt was rep-

resented by competent and effective counsel at all times. The only issue in this case is whether the habeas court was authorized to find that Britt's guilty plea was knowing and voluntary as a matter of constitutional law. The answer to that question must be based upon controlling constitutional authority rather than the inapplicable provisions of USCR 33.8.

Moreover, even accepting the flawed assumption that USCR 33.8 applies here, Britt would not be entitled to habeas relief under existing law. We have long held that, in order for a guilty plea to meet the voluntariness standard of that Rule, the defendant need not be specifically apprised of each and every right enumerated therein. *McClendon v. State*, 256 Ga. 480, 481 (2) (350 SE2d 235) (1986). See also *Thompson v. State*, 240 Ga. App. 539, 540 (4) (524 SE2d 239) (1999), cert. denied, 240 Ga. App. 906; *Stephens v. State*, 235 Ga. App. 756 (510 SE2d 575) (1998); *Moore v. State*, 225 Ga App. 860 (1) (485 SE2d 552) (1997); *Johns v. State*, 223 Ga. App. 553, 554 (1) (479 SE2d 388) (1996). " ' "[T]he question is not whether the trial court followed the letter of USCR 33.8 but whether the record, as a whole, affirmatively shows [the] plea was knowing and voluntary." (Cits.)' [Cit.]" *Thompson v. State*, supra at 541 (4).

The Georgia Constitution recognizes the rights enumerated in USCR 33.8. However, the issue in this case is whether there is an additional constitutional requirement that the trial court inform Britt of those rights in order for him to enter a knowing and intelligent guilty plea. This Court has never expressly held that a trial court's failure to comply fully with USCR 33.8 violates the defendant's right to due process guaranteed under the Georgia Constitution. See *Byrd v. Shaffer*, supra (no mention of USCR 33.8). To date, we have always considered the rights that are conferred by our state constitution upon one who pleads guilty to be coextensive with those granted by the comparable provision of the federal constitution. See generally *Claybourn v. State*, supra at 865 (1). Thus, our decisions dealing with the validity of a guilty plea are generally couched in terms of the defendant's waiver of the three *Boykin* rights. See *Nash v. State*, supra. While this Court would have the authority to construe the Georgia Constitution so as to provide greater protection than *Boykin,* the issue in this habeas case is whether Britt's constitutional rights were violated when he pled guilty almost a decade ago. Even assuming that a majority of this Court might now wish to incorporate USCR 33.8 into the due process clause of the Georgia Constitution, as suggested by the dissent, such a holding could not be applied retroactively so as to mandate a reversal of Britt's conviction. See *Halliday v. United States*, 394 U. S. 831 (89 SC 1498, 23 LE2d 16) (1969); *Laidler v. Smith*, 227 Ga. 759, 760 (2) (182 SE2d 891) (1971) (habeas case holding that *Boykin* is not applicable to guilty pleas

entered before that case was decided); *Purvis v. Connell*, supra at 767 (habeas case holding that *Boykin* is not to be given retroactive effect). At the time Britt pled guilty in order to avoid the possibility of a death sentence, compliance with the requirements of *Boykin* satisfied the due process mandate of both the federal and state constitutions.

Although USCR 33.8 applies in a guilty plea hearing, this is a habeas corpus proceeding, and that Rule does not apply here because it is not of constitutional magnitude. Thus, we conclude that the evidence authorized a finding that Britt entered his guilty plea knowingly and voluntarily, after a valid waiver of his three *Boykin* rights, and that the habeas court correctly denied the petition.

*Judgment affirmed. All the Justices concur, except Fletcher, C. J., who concurs in the judgment only, and Sears, P. J., and Thompson, J., who dissent.*

SEARS, Presiding Justice, dissenting.

As noted by the majority, the record shows that Britt was informed that if he pled guilty, he would waive the three rights enumerated in *Boykin v. Alabama*[1] — the right to the privilege against self-incrimination, the right to confront adverse witnesses, and the right to a trial by jury.[2] The majority holds that Britt's express waiver of these three rights was sufficient to make his plea intelligently and knowingly entered.

However, the record also establishes that Britt was not informed that a guilty plea would cause him to relinquish the right to remain silent, the right to the presumption of innocence, the right to the assistance of counsel at trial, and the right to subpoena witnesses at trial. Uniform Superior Court Rule ("USCR") 33.8 obligated the trial court to inform Britt that a guilty plea would result in the waiver of these four rights, and it is undisputed that in this case, the trial court failed in that duty. The majority attempts to slough off this error by paying lip service to the substantive provisions of USCR 33.8 and by disregarding this Court's own precedent requiring compliance with Rule 33.8.

The majority also treats the non-*Boykin* rights set forth in Rule 33.8 as mere administrative provisions rather than federal or state constitutional rights. At a minimum, however, this treatment demonstrates a lack of knowledge regarding the trial rights afforded an accused under our State Constitution. All of the rights that Britt was

---

[1] 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).

[2] The record shows that the trial court only informed Britt of two of the waived rights enumerated under *Boykin* — the right to a jury trial and the right against self-incrimination. At the habeas hearing, however, trial counsel testified that they informed Britt of the waived right to confront adverse witnesses.

not informed of at his guilty plea hearing are firmly based in provisions of the Georgia Constitution, which often offers greater protections than its federal counterpart. As explained below, I am of the opinion that in order for a guilty plea to be knowingly and intelligently entered within the meaning of the Georgia Constitution, there must first be an express waiver of all the substantive trial rights guaranteed therein that are forfeited by the plea. As this would require more than mere adherence to the 33-year-old dictates of *Boykin*, which addresses only the waiver of *federal* constitutional rights associated with a guilty plea, I respectfully dissent.

1. A plea of guilty carries with it a waiver of some of the most fundamental precepts of our State and Federal Constitutions. It is more than a mere confession, " 'it is itself a conviction; nothing remains but to give judgment and determine punishment.' "[3] The waiver of constitutional trial rights that occurs when a plea of guilty is entered is so monumental that it " 'demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences.' "[4] Thus, when accepting a guilty plea from a criminal defendant, a trial court is charged with the duty of ensuring that the defendant fully understands all the constitutional rights that are waived by the plea's entry.[5] In order to ensure that this duty is fulfilled, USCR 33.8 provides trial courts with a specific procedure to be followed when accepting guilty pleas. The Rule instructs trial courts to ensure on the record that a criminal defendant understands the nature of the charges against him and also to inform the defendant on the record that eight fundamental rights will be waived by pleading guilty. Those eight rights are:

- the right to the presumption of innocence;
- the right to a jury trial;
- the right to confront witnesses;
- the right to subpoena witnesses;
- the right to testify and offer other evidence;
- the right to obtain the assistance of counsel;
- the right to not incriminate one's self; and
- the right to remain silent.

In habeas proceedings such as the current appeal, where a petitioner challenges his guilty plea, the State carries the burden of

---

[3] *Bowers v. Moore*, 266 Ga. 893, 894 (471 SE2d 869) (1996) (citation omitted).

[4] *Bowers*, 266 Ga. at 894 (citation omitted).

[5] *Roberts v. Greenway*, 233 Ga. 473, 475 (211 SE2d 764) (1975). See *Knight v. Sikes*, 269 Ga. 814, 816 (504 SE2d 686) (1998).

establishing that a guilty plea was knowingly, voluntarily and intelligently entered.[6]

The State may accomplish this by two means: (1) showing on the record of the guilty plea hearing that the defendant was cognizant of *all* of the rights he was waiving and the possible consequences of his plea; or (2) fill a silent record with the use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.[7]

If the State fails to make this showing — either through the transcript of a guilty plea hearing or through extrinsic evidence[8] — this Court will hold that the guilty plea was not properly entered and therefore is invalid.[9]

In this appeal, the State brought forth evidence at the habeas hearing to show that at the guilty plea hearing, the trial court: (1) informed Britt that by pleading guilty, he relinquished his right to a trial by jury and his right not to incriminate himself, and (2) ensured that Britt understood the terms of his negotiated plea of guilty. At the habeas hearing, the State also showed that the two attorneys who represented Britt at the time of his plea informed him that by pleading guilty, he relinquished his rights to confront witnesses who testified against him, to testify on his own behalf, and to present witnesses who would also testify on his behalf.

Thus, the record establishes (1) that Britt was informed that his guilty plea caused him to waive half of the eight rights enumerated in Rule 33.8, and (2) that Britt was not informed that his guilty plea caused him to waive the other half of those same eight rights. Britt was not made to understand that by pleading guilty, he waived:

- the right to subpoena witnesses;
- the right to the assistance of counsel at trial;
- the right to remain silent; and
- the right to the presumption of innocence.

The majority attempts to gloss over this omission by (1) making the remarkable assertion that to conclude Rule 33.8 applies to this matter is a "flawed assumption," Op. at 614; (2) stating that our pre-

---

[6] *Byrd v. Schaffer*, 271 Ga. 691, 692 (523 SE2d 875) (1999); *Bowers*, 266 Ga. at 895.

[7] *Roberts*, 233 Ga. at 475 (emphasis supplied).

[8] See *Clowers v. Sikes*, 272 Ga. 463, 464 (532 SE2d 98) (2000) (a trial court's failure to inform a defendant of the rights relinquished by pleading guilty, as detailed in USCR 33.8, will not render a guilty plea invalid if the record reflects that the defendant was represented by counsel who advised him of all of the rights relinquished).

[9] *Byrd*, 271 Ga. at 692; *Bowers*, 266 Ga. at 895; *Roberts*, 233 Ga. at 477.

cedent does not require full compliance with Rule 33.8, Op. at 614; and (3) demoting the four rights Britt was not informed of to the rank of mere administrative provisions rather than according them the status of constitutional rights. As explained below, the majority is wrong on all of these points.

2. The proclamation that Rule 33.8 does not apply to this matter is, of course, preposterous. The Rule states that a "judge should not accept a plea of guilty . . . from a defendant without first . . . [i]nforming the defendant on the record that by entering a plea of guilty . . . one waives [the eight rights discussed above]." Clearly, the only proceeding in which Rule 33.8 applies is a guilty plea hearing, the very proceeding at issue in this appeal.

3. Contrary to the majority opinion, *Byrd v. Shaffer*,[10] decided by this Court less than two years ago, requires that relief be granted in this appeal. Both *Byrd* and this appeal concern rulings by the habeas court. In both cases, the trial court failed to inform the defendants of all three *Boykin* rights waived by a guilty plea, and the habeas courts relied upon extrinsic evidence to ensure that *Boykin* was satisfied.[11]

In *Byrd*, the State failed to show the habeas court that the petitioner was informed that his plea resulted in the waiver of (1) his right to the presumption of innocence, and (2) his right to remain silent, and the habeas court granted relief.[12] On appeal, this Court held that the guilty plea was invalid and affirmed.[13]

In the present appeal, just as in *Byrd*, the State failed to show the habeas court that Britt was informed that his plea resulted in the waiver of (1) his right to the presumption of innocence, and (2) his right to remain silent. Moreover, the State failed to show the habeas court that Britt was informed that his plea resulted in the waiver of (3) the right to subpoena witnesses, and (4) the right to the assistance of counsel at trial.

Thus, the petitioner in *Byrd* was not informed of two of the rights enumerated in Rule 33.8, prompting this Court to uphold the grant of habeas relief.[14] In the present matter, Britt was not informed **of those same two rights** plus two additional rights, yet the majority denies relief. There is no reason in logic or the law for the majority's disregard of our own recent precedent, and its defiance of stare decisis.[15]

---

[10] 271 Ga. 691.

[11] *Byrd*, 271 Ga. at 692.

[12] *Byrd*, 271 Ga. at 692-693.

[13] *Byrd*, 271 Ga. at 693.

[14] 271 Ga. at 692-693.

[15] The majority's attempt to distinguish *Byrd* because relief was granted by the habeas court in that case and denied in the present case is based upon incorrect reasoning. While the factual posture of the two cases may be slightly dissimilar, that is no reason for applying

By rejecting the guilty plea in *Byrd* and upholding the guilty plea in the present appeal, this Court is sending mixed signals to the trial and habeas courts regarding whether full compliance with Rule 33.8 is required.[16] On the one hand, the Court indicated in *Byrd* that all of the substantive trial rights forfeited by a guilty plea and enumerated in Rule 33.8 must be expressly waived by an accused who enters such a plea. On the other hand, the majority now holds that so long as the three rights enumerated in *Boykin* are expressly waived, a guilty plea will be deemed valid.

However, *Boykin* represents only the *minimum* constitutional protection that we may extend to accused individuals. It is well established that the Georgia Constitution often offers Georgia citizens much greater rights and more benefits than the Federal Constitution.[17] Because the Georgia Constitution's Bill of Rights[18] frequently accords Georgia citizens greater protections than does its federal counterpart, this Court is in no way bound by federal case law when ruling on the state constitutional issues involved in this appeal. Accordingly, federal case law based upon a lesser standard of protection than that accorded under the Georgia Constitution, such as the *Boykin* decision, provides negligible support for the majority opinion in this case. This fact is tacitly recognized in the *Boykin* opinion, which recognizes that it addresses only issues relating to the "**federal** constitutional rights . . . involved in a waiver that takes place when a plea of guilty is entered in a . . . criminal trial."[19]

In cases like *Byrd*, supra, this Court has indicated its willingness to look beyond *Boykin* to ensure that those accused of crimes in Georgia who opt to plead guilty are accorded all the protections to which they are entitled under the Georgia Constitution. As explained in the Division that follows, I believe that the protections of the Georgia Constitution's Bill of Rights can be upheld only if this Court

---

different legal analyses in them. Regardless of the ruling appealed from, this Court owes no deference to the legal conclusions of a habeas court, but rather conducts its own de novo analysis of the law in each habeas appeal. *Turpin v. Bennett*, 272 Ga. 57, 58 (525 SE2d 354) (2000). The majority's deference to the habeas court's conclusions of law in this particular appeal is unprecedented.

[16] This Court has repeatedly stressed that it cannot and will not presume a waiver of the fundamental rights that are relinquished by the entry of a guilty plea, and that such a waiver must be affirmatively shown on the record. *State v. Germany*, 245 Ga. 326, 327 (265 SE2d 13) (1980); *Roberts*, 233 Ga. at 475; *Bowers*, 266 Ga. at 895; *Knight*, 269 Ga. at 816; *Byrd*, 271 Ga. at 692; *Clowers*, 272 Ga. at 464-465.

[17] *Green v. State*, 260 Ga. 625, 627 (398 SE2d 360) (1990), cert. denied, 500 U. S. 935 (111 SC 2059, 114 LE2d 464) (1991); *Denton v. Con-Way Southern Express*, 261 Ga. 41, 45 (402 SE2d 269) (1991), overruled on other grounds, 262 Ga. 374 (418 SE2d 27) (1992); *Fields v. Rockdale County*, 785 F2d 1558, 1561 (11th Cir. 1986), cert. denied, 479 U. S. 984 (107 SC 571, 93 LE2d 575) (1986).

[18] Ga. Const. (1983) Art. I.

[19] *Boykin*, 395 U. S. at 243 (emphasis supplied).

requires full compliance with Rule 33.8 by trial courts when accepting guilty pleas.

4. Contrary to the majority's implicit assertion, the four rights that the trial court failed to inform Britt he was waiving by pleading guilty are not mere administrative provisions constitutionally unworthy of the status of rights. Rather, the four rights waived are guaranteed by the Georgia Constitution's Bill of Rights and should be treated accordingly.[20]

• An accused's **right to subpoena witnesses** in his favor through the use of compulsory process is expressly stated in Article One of our Georgia Constitution — "Every person charged with an offense against the laws of this state . . . shall have compulsory process to obtain the testimony of that person's own witnesses."[21] Just as an accused has the right to confront the prosecution's witnesses,[22] he has the right to compel his own witnesses' testimony to establish a defense. The waiver of both rights should be affirmatively acknowledged by an accused who pleads guilty.

• As is widely known, **an accused's right to the assistance of counsel at trial** is expressly provided for in Article One of the Georgia Constitution — every individual charged with a crime in Georgia "shall have the privilege and the benefit of counsel."[23] Accordingly, a valid waiver of the rights relinquished at a guilty plea hearing should include the right to counsel, as required by Rule 33.8.

• **The right to remain silent** is embodied in Paragraph Sixteen of Article One, Section One of the Georgia Constitution, which provides that "No person shall be compelled to give testimony tending in any manner to be self-incriminating." An accused has an unfettered constitutional right to remain silent by declining to take the stand in his own defense at trial, and that fundamental right cannot be infringed upon in any manner by the state.[24] While the right to remain silent is rooted in the constitutional right against compelled self-incrimination, the right to remain silent nonetheless stands alone as a separate and distinct privilege. The privileges embodied in the right against self-incrimination encompass **both** an accused's right not to answer incriminating questions and an accused's right to

---

[20] Accordingly, contrary to the majority's assertion, whether Britt made a valid relinquishment of these rights at his plea hearing is a cognizable issue in a habeas corpus proceeding.

[21] Ga. Const. (1983), Art. I, Sec. I, Par. XIV. See *Cofield v. State*, 247 Ga. 98, 106 (274 SE2d 530) (1981).

[22] Ga. Const. (1983), Art. I, Sec. I, Par. XIV.

[23] Ga. Const. (1983), Art. I, Sec. I, Par. XIV. *Sims v. Balkcom*, 220 Ga. 7 (136 SE2d 766) (1964).

[24] See *Howard v. State*, 237 Ga. 471, 473 (228 SE2d 860) (1976) (constitution does not permit an accused to be compelled to testify at trial); *Ingram v. State*, 253 Ga. 622, 634 (323 SE2d 801) (1984); *Coonce v. State*, 171 Ga. App. 20 (318 SE2d 763) (1984).

not even appear as a witness and remain entirely silent, if he so desires.[25] Accordingly, as mandated by Rule 33.8, the State should be required to establish on habeas appeal that both the right against self-incrimination and the right to remain silent were affirmatively waived at a guilty plea hearing.

• Finally, Georgia's appellate courts have found it "difficult to imagine a more serious [right]"[26] than an accused's right to the **presumption of innocence**. Though not expressly articulated in our Georgia Constitution, this Court has recognized that in all criminal cases tried under a plea of not guilty, the presumption of innocence is a fundamental component to a fair trial.[27] The presumption remains with a criminal defendant throughout the trial, unless and until the jury determines guilt beyond a reasonable doubt.[28] As such, the presumption is essential to protecting the accused's constitutional right under the due process clause of the Georgia Constitution to be judged solely on the basis of proof adduced at trial and to be convicted only on the basis of constitutionally sufficient proof.[29] Because the constitutional right to the presumption of innocence is so fundamental to our concept of fair and impartial criminal proceedings, the State's failure on habeas appeal to establish that the right was affirmatively waived at a guilty plea hearing, as required by Rule 33.8, should render the plea constitutionally unsound.

Clearly, then, the four rights that Britt was not made to understand were waived by his plea of guilty — the presumption of his innocence; his right to remain silent; his right to subpoena witnesses; and his right to the assistance of counsel at trial — are all grounded in the Georgia Constitution's Bill of Rights. Yet, without explanation, the majority insists on relegating these four constitutional rights to the inferior status of administrative provisions.

In so doing, the majority misapprehends its duty to uphold all of the protections afforded accused individuals under the Georgia Constitution. In addition to the four rights discussed in the preceding paragraphs, the other four rights set forth in Rule 33.8 are also protected under Article One of Georgia's Constitution.[30] While Rule 33.8

---

[25] Lafave & Israel, *Criminal Procedure* (2nd ed. 1999), § 24.5 (a), p. 529. See also Alschuler, *A Peculiar Privilege in Historical Perspective: The Right to Remain Silent*, 94 Mich. L. Rev. 2625 (1996).

[26] *Blair v. State*, 179 Ga. App. 519 (347 SE2d 337) (1986).

[27] *Carter v. State*, 204 Ga. 242, 244 (49 SE2d 492) (1948). See *Foster v. State*, 240 Ga. 858, 860-861 (242 SE2d 600) (1978) (the failure of a trial court to instruct the jury on a defendant's right to the presumption of innocence is error of such magnitude as to require automatic reversal); *Reaves v. State*, 146 Ga. App. 409 (246 SE2d 427) (1978).

[28] *Reaves*, 146 Ga. App. at 412.

[29] Ga. Const. (1983), Art. I, Sec. I, Par. I. See *Walton v. State*, 261 Ga. 392 (405 SE2d 29) (1991); *Brown v. State*, 163 Ga. App. 896 (296 SE2d 185) (1982).

[30] In addition to the four rights discussed above, the right to a trial by jury, the right to

itself is procedural in nature, the constitutional rights enumerated therein are not relegated to administrative status merely because they are listed in the Rule. To the contrary, they remain fundamental precepts of our constitutional duty to ensure that one who pleads guilty has a complete understanding of what the plea connotes and all of its consequences.[31]

To my mind, this Court can fulfill that duty only by requiring that adequate prophylactic measures be taken by trial courts in guilty plea hearings to ensure that the substantive rights under the Georgia Constitution waived by such a plea are only relinquished knowingly, intelligently, and intentionally. Until such preventative steps are taken, we cannot fulfill our responsibilities to guarantee that the trial courts show the "utmost solicitude of which they are capable in canvassing"[32] the full impact of a guilty plea with the accused, and to make certain that a "defendant [is] cognizant of all the [constitutional] rights he . . . waiv[es] and the possible consequences of his plea."[33]

This requires more than mere compliance with the 33-year-old decision in *Boykin*, which does not even purport to protect the rights of Georgians under the State Constitution. However, it does not require placing an undue burden upon trial courts conducting guilty plea hearings. The model vehicle for ensuring that trial rights are only waived knowingly and intentionally when pleading guilty already exists in the form of Uniform Superior Court Rule 33.8. The Rule, enacted in 1985, serves as an excellent prophylactic measure to ensure that the substantive trial rights guaranteed by the Georgia Constitution that are waived by a guilty plea are only surrendered knowingly, intelligently and intentionally. Much as the procedures required under *Miranda v. Arizona*[34] have ensured that custodial statements are made with a full and knowing waiver of the constitutional rights attending a police interrogation, requiring full compliance with Rule 33.8 will ensure that guilty pleas are entered with a knowing, intelligent and intentional waiver of the state constitutional rights attending a criminal trial.

The Constitution of the State of Georgia charges trial judges with the task of ensuring that all the state's laws are faithfully executed. Accordingly, I believe that, henceforth, this Court should require trial courts to fully comply with Rule 33.8 when accepting

---

confront witnesses, the right to testify, and the right against compelled self-incriminating testimony are set forth in the Georgia Constitution, Article I, Section I, Paragraphs XI, XIV, I and XVI, respectively.

[31] *Bowers*, 266 Ga. at 894.

[32] Id.

[33] *Roberts*, 233 Ga. at 475.

[34] 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

guilty pleas, and that, henceforth, the Court should treat anything less than full compliance with the Rule as error. Otherwise, we should not purport to treat guilty pleas as having been entered intentionally, intelligently and with knowledge of the rights being waived under the Georgia Constitution. Because I believe the majority has failed to give adequate consideration to our precedent in *Byrd* as well as to the dictates of our State Constitution by adhering to the limited scope of the *Boykin* opinion, I must dissent.

I am authorized to state that Justice Thompson joins me in this dissent.

THOMPSON, Justice, dissenting.

The purpose and function of the criminal justice system is to separate fairly, reliably, and effectively, the guilty from the innocent. When an accused comes before the bar of justice to enter a plea of guilty, a transforming event occurs. At that moment, the accused relinquishes his liberties and stands convicted of a crime. This decisive event cannot meet constitutional muster unless the plea is knowingly and intelligently entered. Uniform Superior Court Rule 33.8, drafted by the Council of Superior Court Judges, and adopted by this Court, was devised to ensure that the accused is adequately informed of his trial rights under the constitution so that a subsequent waiver of those rights is intelligently obtained. When the rule is conscientiously followed, not only is the accused protected against a constitutionally infirm waiver, the State is also benefitted by having a complete record with which to meet a later challenge. For these reasons, I agree with the dissent that Rule 33.8 should be strictly followed by the trial court when accepting a plea of guilty, and that anything short of full compliance constitutes error of a constitutional magnitude.

DECIDED NOVEMBER 19, 2001 —
RECONSIDERATION DENIED DECEMBER 14, 2001.

Victor L. Britt, *pro se.*

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney General,* for appellee.